*December, 1824.*                Mayfield *against* Allen.

1, After judgment by nil dicit, advantage cannot be taken of variance between declaration and endorsement of writ.
2, Not necessary that sheriff's return should shew the delivery of copy of writ.
3, In action against one of several obligors sufficient to assign breach as to him only.
4, Judgment shall not be reversed because $1 more than interest due adjudged on a debt of $100.

DEBT in the Circuit Court of *Lauderdale* County. Writ of capias returned " executed this 9th day of *March,* 1822. *C. B. Roundtree,* sheriff, by his deputy *John H. Cornish.*" The declaration on a bond of *Brice* and *Larkin Mayfield* of $100, due 20th *September,* 1818 ; breach assigned, that said *Brice M. Mayfield,* although often required, hath not paid, &c. On the 1st day of *April,* 1823, " Came the parties by their attornies," and the defendant saying nothing in bar, the Circuit Court rendered judgment against him for the debt, and $27 15 cents damages for its detention. The matters here assigned as Error appear in the

Opinion of the Court delivered by the Chief Justice.

The first Error assigned is, that there is a variance between the endorsement on the writ and the declaration. The endorsement states as a cause of action a note under seal, dated 1st of *August,* 1818. The declaration charges the note to have been given on the 21st of *August,* 1818. After an appearance, the defendant is supposed to have been fully informed by the declaration of the cause of action against him, and after judgment, if he has taken no advantage of the variance, and as in this case appeared and said nothing in bar or preclusion of the action, it is to be inferred that he waived the objection. The judgment here is in substance by nil dicit, and not on default.

The second Error assigned is, that the original process was not executed on the defendant. It is a sufficient answer to this objection to say, that after appearance it comes too

late. But if it had been made in proper time, it appears that the sheriff has returned the writ " executed."—The plaintiff in Error contends that the return should shew that the defendant had been served with a copy of the writ. I am of opinion, that the return here made implies that the writ had been executed in the manner prescribed by law.

Another assignment is, that the judgment is for too much; and the last Error assigned is, that the obligation is charged to have been made by two, and the breach is assigned as to one only.

In one of the several cases between the same parties, it appears that in the calculation of interest $1 too much has been allowed. If the other obligor had paid, it could have been given in evidence had the defendant thought proper to plead.

Let the judgment be affirmed.