BETTIE STRAYHORN v. D. W. BLALOCK and others.

*Summons—Return of Sheriff—Practice.*

The summons commanded defendants to appear on the 12th of September, 1884. The sheriff returned it with this endorsement, "Received — 188-." "Served September 5th, 1884, on defendants, D. W. Blalock," &c. On 12th September defendants entered special appearance, and moved to dismiss action because,

(1) That the sheriff failed to endorse on the summons the day of its receipt by him.

(2) That defendants had not been served with summons ten days before return day thereof;

(3) That the endorsement of the sheriff on the summons was insufficient, in that it did not state the manner of service, as required by law.

Clerk granted motion and dismissed the proceeding ; plaintiff appealed to Judge at Chambers ; *Held,*

(1) That Clerk had no jurisdiction of motion to dismiss ;

(2) That failure of Sheriff to note on the summons the day it was received was irregular, but did not render the summons void.

(3) That if it was served less than ten days before return day the action ought not to be dismissed, but further time ought to have been allowed defendants to answer.

(4) That when the sheriff returns that he has "served" the summons, this is *prima facie* sufficient and implies that he has served it as the statute directs, until the contrary is made to appear in some proper way.

(5) That if the service was insufficient the plaintiff was entitled to an *alias,* and it was error to dismiss the action.

(6) That it was error to remand the cause to the clerk with directions. The Court ought to have reversed the order of the clerk, and the clerk, having entered the judgment, ought to have proceeded according to law.

(*Brittain* v. *Mull,* 91 N. C., 498 ; *Guion* v. *Melvin,* 69 N. C., 242 ; *Weiller* v. *Lawrence,* 81 N. C., 65, cited and approved).

SPECIAL PROCEEDING begun in the Superior Court, before the *Clerk* thereof, of DURHAM county.

The clerk having granted the motion of defendants to dismiss the proceeding, the plaintiff appealed to the judge at Chambers.

On the hearing before *Philips, Judge,* at Chambers, the order of the clerk was reversed and the case remanded to the clerk.

From this judgment of the Court the defendants appealed.

*Messrs. Manning & Manning,* for plaintiff.
*Messrs. W. W. Fuller* and *Long & Strudwick,* for defendants.

MERRIMON, J. This was a special proceeding begun in the Superior Court, before the clerk thereof, on the 29th day of August, 1884, commanding defendants to appear on the 12th day of September, 1884. The summons was returned September 5th, 1884, with the following endorsement: .

"Received ......... 188... Served September 5th, 1884, on the defendants, D. W. Blalock, A. N. Blalock, J. R. Blalock and Rufus Blalock. Fee $2.40.

J. R. BLALOCK,
*Sheriff Durham County.*

On the 12th day of September, 1884, the defendants entered a special appearance through their attorney, and moved to dismiss the action for three causes:

1. That the sheriff failed to endorse on the summons the day of its receipt by him.

2. That defendants had not been served with summons ten days before the return day thereof.

.3. That the endorsement of the sheriff on the summons was insufficient, in that it did not state the manner of service as required by law.

The clerk granted the motion and entered judgment dismissing the proceeding. From this judgment the plaintiff appealed to the judge at Chambers.

At the hearing of the appeal, the defendants moved to dismiss it because the action of the clerk was in respect to a matter resting in his discretion, and not subject to review upon appeal.

The motion to dismiss the appeal was denied by the judge, and the defendant excepted. The judge remanded the case with directions to the clerk, and the defendants appeal to this Court.

The action of the clerk was wholly erroneous.

1. The sheriff ought regularly to have noted on the summons the day of its delivery to him, as required by the statute (*The Code*, §§200 and 280), but his failure to do so did not vitiate or render the summons void. Such notation is not of the essence of the summons, or the service of it by the sheriff. Its purpose is to provide evidence convenient to fix the day the summons passed into the hands of the sheriff for any proper purpose.

2. Nor did the fact that the summons was served less than ten days before the return day thereof render it void, or defeat the proceeding. As this was a special proceeding and the summons was returnable out of term, further time ought to have been allowed to the defendants to appear, as suggested by this Court in *Guion* v. *Melvin*, 69 N. C., 242, and *Weiller* v. *Lawrence*, 81 N. C., 65.

(3) It would be more orderly and complete for sheriffs to make their returns of the service of the summons in actions, with more fullness than simply to write on it "*served*," and the date of service, and sign the entry officially; but this is sufficient—*prima facie* sufficient at all events. The statute (*The Code*, §214) prescribes that "The summons shall be served in all cases, except as hereinafter provided, by the sheriff, or other officer, reading the same to the party or parties named as defendant, and such reading shall be a legal and sufficient service."

This statute prescribes *how* the officer shall make service of the summons; it prescribes his duty as to the *manner* of discharging it. When the sheriff returns that he has "served" the summons, this implies that he has discharged his official duty in that respect, that he has read it to the defendant.

The term "served," as applied to a summons, *ex vi termini*, implies that it was read to the defendant named in it; except in a case where the statute provides for other form of service, it means served according to law; in such connection, it has a legal and technical meaning. *Bouvier* says, "to serve a summons, is to deliver it to him personally, or to read it to him." Webster says, "To *serve a writ*—to read it to the defendant; or to leave an attested copy at his several place of abode." *In general,* to serve *a process* is to read it, so as to give due notice to the party concerned, or leave an attested copy with him, or his attorney, or at his usual place of abode." *Murf. on Sheriffs*, §839. On the argument stress was laid upon that clause of the statute which provides, in respect to the service of the summons in special proceedings, that, "when executed, he (the sheriff) shall immediately return the summons, with the date and *manner* of its execution," &c. It was insisted that the word "manner," implies *how* the service was made, and that it must be fully, descriptively and specifically set forth in the return. We can see no substantial reason why such a literal interpretation should be given the term mentioned.

It seems to us, that when a sheriff uses a term, or form of expression, in his return that implies that he served the summons

as the statute directs, that the spirit and purpose of the law are complied with.

We do not mean to imply by what we have said, that the return of the sheriff is conclusive in respect to the manner of the service of the summons; it is to be taken where he returns it "served," that it was served as the statute requires in that case, until the contrary is made to appear by motion supported by affidavits, or in some other proper and pertinent way.

We may add, that if the service of the summons had been insufficient, this was no cause for dismissing the proceedings. A motion to allow the sheriff to amend his return might have been sustained, if the facts had warranted it.

In any view of the matter, the plaintiff was entitled to an *alias* summons, if the return for any cause was insufficient.

The exception based upon the supposed discretion of the clerk, not reviewable, has no foundation. The *clerk* has no jurisdiction of the proceeding; the Superior Court had jurisdiction of it, and the clerk had authority to do certain things in and about it, as and for the court, that stood as the action of the court, unless either party to the proceeding should except to it, and appeal to the judge of the court at Chambers or in term, in which case the judgment of the judge would become that of the court, unless his judgment should, on appeal to this court, be reversed or modified, in which case, the judge would be required to accept and act upon the judgment of this court as the proper one in the Superior Court. *Brittain* v. *Mull*, 91 N. C., 498.

The judge *remanded the case* to the clerk of the Superior Court with directions. This was error. The proceeding was already in the Superior Court; the court could not remand the case to itself! The court ought to have reversed the judgment dismissing the proceeding entered by the clerk as and for the court, and the clerk having entered the judgment of the judge as that of the court, ought to have proceeded according to law in the proceeding in the Superior Court. *Brittain* v. *Mull, supra.*

The order of the judge must be set aside, and he will give judgment reversing that entered by the clerk, and the clerk having entered his judgment, will proceed according to law.

It is so ordered.