C. ISLEY v. JOHN BOON and Wife.

*Service of Summons—Return of Officer—Jurisdiction—Judgment—Collateral Attack.*

1. The word "executed" in the return of a process *ex vi termini* carries with it the idea of a full performance of all that the law requires; therefore,

2. A return on a summons "executed by delivering a copy to J. B. and wife R. Fees sixty cents," necessarily implies a delivery to each of the two.

3. Where, in an action to recover land, the defendant disputes plaintiff's title upon the ground that the summons in a special proceeding, under a decree in which plaintiff had purchased the land and to which plaintiff was not a party, had not been served upon the defendant, who was a defendant in such special proceedings: *Held* (1), that the trial Judge erred in holding that the return on the summons in such special proceedings was only *prima facie* evidence of service and could be rebutted by showing that in fact no such service was made; (2) that even if the service of the summons had been apparently irregular, the judgment in such special proceedings could not be collaterally attacked in the action at bar.

Action for the recovery of land, heard before *Bryan, J.,* and a jury, at March Term, 1893, of ALAMAMCE Superior Court.

Plaintiff appealed.

The pertinent facts are set out in the opinion of Chief Justice SHEPHERD.

*Messrs. L. M. Scott, J. E. Boyd* and *C. E. McLean,* for plaintiff (appellant).

*Messrs. J. T. Morehead* and *W. P. Bynum, Jr.,* for defendants.

SHEPHERD, C. J.: The plaintiff claims the land in controversy through one John Ireland, who purchased the same at a sale made by E. S. Parker, administrator of Samuel Adams, pursuant to a decree in a special proceeding granting to the

said administrator license to sell the land of said Adams for the purpose of creating assets to pay the indebtedness of his intestate. The plaintiff introduced a part of the record in the said proceedings and, under a ruling in this case on a former appeal (109 N. C., 555), was permitted to prove by parol evidence such other parts thereof as were lost and could not, after proper and diligent search, be found in their legal depository. That part of the record which had not been lost consisted of a summons dated November 27, 1875, which was returned under the signature of the Sheriff in these words: "Executed by delivering a copy to John Boon and wife Rowena. Fees, sixty cents." The docket of the Clerk was also introduced, which showed the following entries: "Summons issued November 27, 1875. Summons executed."

The defendant Rowena, who is an heir of the said Samuel Adams, contends that it does not appear from said return that she was properly served, and she insists that she can in this action collaterally attack the decree in the special proceeding and thus defeat the title of the plaintiff, who, as we have stated, claims under John Ireland, who was not a party to the said proceeding, and does not appear to have had any notice of the alleged absence of service on the said Rowena.

It was undoubtedly necessary, in order to confer jurisdiction, that the summons should have been served, and at the time of the commencement of the above mentioned proceeding the method of service was by the delivery of a copy of the summons to the defendant personally. Bat. Rev., ch. 17, § 82. The Courts have been very liberal in construing the returns of Sheriffs, and in Alabama it was held that the word "executed" was sufficient, the Court saying that the word itself implies that the writ has been executed according to law. *Mayfield* v. *Allen*, 1 Minor, 274. The like ruling has been made in Virginia and Kentucky, the Courts holding "that the word 'executed' *ex vi termini* carries with it the

idea of a full performance of all that the law requires." *Com-missioners* v. *Murray*, 2 Vir. Cases, 504; *Bridgers* v. *Ridgley*, 2 Litt. (Ky.), 395. This principle is of very general applica-tion, except in those States where, by statute, alternative modes of serving process have been adopted, in which in-stances a much more stringent doctrine is held, and it is required that the return must show not only that the process has been served, but which one of two or more statutory modes of bringing a defendant before the Court has been adopted by the officer. It was in reference to provisions of this nature that some of the cases cited by defendant's coun-sel were decided. In this State there was but one mode of service provided by law, and the principle referred to has been explicitly recognized by the Court in *Strayhorn* v. *Bla-lock*, 92 N. C., 292. At that time the statute required that the summons should be served by reading the same to the defendant (*The Code*, § 214), and the Court held that the return of the summons with the endorsement, "served," implied that the officer had fully discharged his official duty by reading the summons to the defendant. Of course, where the officer undertakes to set forth the manner of service, and it appears that he has not complied with the requirements of the law, the force of such implication is entirely destroyed, but unless the return shows a repugnancy that cannot be harmonized the principle applies with unimpaired vigor. The return before us states that the summons was executed by delivering a copy to the said Boon and wife, and we see nothing unreasonable in holding that this language is not inconsistent with the idea that he delivered to each of them a copy. None of the cases cited by counsel, so far as we have been able to examine them, go to the extent of deciding that such a return is void and therefore may be attacked collat-erally. The returns in those cases were either set aside upon direct proceedings, or were attacked in proceedings to enforce the judgment against the parties, or upon plea in abatement.

Thus, in the case of *Versepuy* v. *Watson*, 12 R. I., 342, the defendants, in an action of *assumpsit*, pleaded in abatement that, in fact, but one copy was left at the "usual place of abode," and that the officer said it was a copy for one of the defendants only. The Court held that such a plea would be good if established. So, in *Bugbee* v. *Thompson*, 41 N. H., 183, the plea was also in abatement, and it will appear upon examination that in none of the cases cited, either from this or other States, has language similar to this received the construction contended for by the defendant. Certainly the fact that the Sheriff received only sixty cents for making the service cannot be permitted to overcome the legal implication of the word "executed," when, as we have seen, it is entirely consistent with the words that follow.

Whatever doubt, however, that might exist upon the construction of the return must vanish before the authority of *McDonald* v. *Carson*, 94 N. C., 497. In that case a notice was issued to three parties, and the return was "Executed by delivering a copy." The language is identically the same as that in the present return, except the latter is perhaps stronger by the addition of the " to John Boon and wife Rowena." The Court said that the "term used in the return, 'Executed by delivering a copy,'" necessarily implies a delivery to each of those to whom the notice is addressed, as, otherwise, it would be but a partial and uncompleted service. Such also seems to have been the view of his Honor, but he committed an error in holding that the return was, in this action, only *prima facie* evidence of the service, and could be rebutted by showing that, in fact, no such service was made. Even if the service had been apparently irregular, the judgment could not be collaterally attacked in this action. *Sumner* v. *Sessoms*, 94 N. C., 371; *Doyle* v. *Brown*, 72 N. C., 393, and numerous other decisions in our Reports. See also 1 Black on Judgments, 263, and 1 Freeman on Judgments, 126.

Seeing the force of this position, the intelligent counsel of the defendant insisted that the decree in the special proceeding was absolutely void by reason of the insufficiency of the service, as indicated by the return of the Sheriff. This is untenable, in view of our conclusion that the construction contended for should not be placed upon the said return.

It is unnecessary to review in detail the great number of cases cited on the argument. It is sufficient to say that we can find nothing in them which conflicts with the views we have taken in arriving at the conclusion that there should be a                                    New Trial.