W. B. WILLIAMSON, Trustee of the National Bank of Asheville v. W. J. COCKE, Administrator of W. M. Cocke, Jr., and W. J. Coke, individually.

(Decided May 5, 1899).

*Service of Summons—Judgment by Default—Motion to Set Aside.*

1. The Code, Section 214, requires service of summons to be made by reading the same to the defendant. He, however, may waive the reading.

2. The fact that defendant supposed and believed that the action was against him as administrator, and not individually, is not such excusable neglect as entitles him to relief.

3. What constitutes service of process and whether upon a given state of facts service has been duly made, is a question for the Court. The return of the Sheriff is *prima facie* service, subject to be overcome by proof of the facts.

MOTION to vacate a judgment rendered against defendant individually at March Term, 1898, heard upon affidavits before *Starbuck, J.,* at March Term, 1899, of BUNCOMBE Superior Court. The motion was allowed, and plaintiff appealed.

The facts found by his Honor are stated in his Judgment subjoined:

*Judgment.*

NORTH CAROLINA—BUNCOMBE COUNTY.
Superior Court—March Term, 1899.

This cause coming on to be heard before *Starbuck, J.,* upon motion of defendant to vacate the judgment rendered against him individually at March Term, of 1898, of this Court, upon consideration of the affidavits, the Court finds that the judgment ought to be vacated was rendered at the return term of the summons, to-wit, at the March Term, 1898, of said Court. That the complaint in the action was not filed within first three days of the said return term, but upon the fourth day the Court granted leave to the plaintiff, which appears upon the minutes of the term, to file his complaint as of the first three days of said return term, and the complaint was filed pursuant to this permission.

The Court further finds that the statement of the defendant relative to the purported service of summons upon him is correct, to-wit, that the summons in the above entitled action, which purports to have been served upon him by W. M. Worley, sheriff of Buncombe County, per Robert Greenwood, deputy sheriff, by reading said summons to him, was never served upon him in such manner; that the facts in regard to the purported services are as follows:

That at some time defendant was accosted by said Green-

wood on West Court Square, in the city of Asheville, and near the entrance to the office of Dr. C. V. Reynolds, and told by said Greenwood that he had a summons for him. The defendant was ascending stairway that leads to the office of Dr. Reynolds, and looked back and upon a paper in the hands of said Greenwood the name of W. B. Williamson, trustee, and said, "Well, I know all about that," and turned immediately and walked up the stairway, and saw no more of said Greenwood. Defendant at no time avoided the service of the said summons by the sheriff or his deputy, Greenwood. At the time defendant believed that the summons held by the said deputy sheriff was against him as administrator of W. M. Cocke, Jr., (deceased), and had no idea that he had been sued individually, as he had been previously told by plaintiff, Williamson, that his, said Williamson's purpose, was to put the claim of the bank, of which he was trustee, against Wm. M. Cocke, Jr., into a judgment. The said deputy, Greenwood, did not inform defendant that he was sued individually, either by reading the summons or in any other manner, and defendant's attention was never called to the summons thereafter by the said Greenwood or any other officer or person. Defendant made no appearance in the action, and had no notice of the plaintiff's motion on the 4th day of said return term for leave to file complaint as of the first three days, or of the granting of said leave or of the granting of the judgment in the action.

Defendant had no knowledge of the pending of any action against him individually. The Court further finds that the defendant sets up apparently meritorious defense, namely: that he is not indebted to the plaintiff as trustee of the National Bank of Asheville, or to said National Bank of Asheville upon any promise, express or implied, or for or on account of any dereliction or failure of duty as cashier of said

bank or otherwise.   The Court further finds that the judgment was by the plaintiff assigned to J. E. David for value, and without actual notice on the part of said David of any defect in said judgment or in the service of process in the action or other irregularity.   The Court further finds that the defendant's motion was made at August Term, 1898, of the Superior Court of Buncombe County, being the next term after the return term of the summons in the action.

Upon consideration of the facts aforesaid as found by the Court, it is ordered and adjudged that the motion of the defendant be and the same is hereby allowed, and the said final judgment rendered by the Court at the March Term, 1898, of said Court, be and the same is hereby, as to the defendant Wm. J. Cocke, individually, vacated and set aside.

And it is further ordered by the Court that the said defendant individually recover of the plaintiff the costs of said motion to be taxed by the Clerk, and it is further ordered that the said defendant individually have, and he is hereby granted leave to file answer to the complaint on file in this action within sixty days from the date hereof.

Given under my hand in open Court, this 1st day of April, 1899, in term.

H. R. STARBUCK,
*Judge Presiding.*

*Messrs. Davidson & Jones, J. W. Summers* and *Geo. A. Shuford,* for appellant.

*Messrs. Merrimon & Merrimon* and *Carter & Weaver,* for appellee.

FAIRCLOTH, C. J.   The summons in this case was issued against W. J. Cocke, administrator of W. M. Cocke, Jr., and W. J. Cocke individually.   The deputy sheriff returned the

summons with this endorsement: "Served February 16, 1898, by reading the within summons to W. J. Cocke, administrator of W. M. Cocke, Jr., and W. J. Cocke individually." The defendant did not answer or appear in Court, and for want of an answer a judgment was entered. On notice and motion of defendant the said judgment was set aside, and the plaintiff appealed.

His Honor, after hearing affidavits, found as facts: "That at some time the defendant was accosted by said Greenwood (deputy sheriff) on West Court House Square, in the city of Asheville, and near the entrance to the office of Dr. C. V. Reynolds, and told by said Greenwood that he had a summons for him. The defendant was ascending the stairway which leads to the office of Dr. Reynolds, and looked back and upon a paper in the hands of said Greenwood the name of W. B. Williamson, trustee (the plaintiff), and said, "Well, I know all about that," and turned immediately and walked up the stairway, and saw no more of said Greenwood;" that he believed at the time that the summons was against him as administrator of W. M. Cocke, Jr., and had no idea that he had been sued individually, and that the deputy did not so inform him by reading the summons or otherwise.

Do these facts, found by his Honor, constitute cause for setting aside the judgment by default? The judgment was regularly entered on a duly verified complaint. The Code, Section 214, requires the summons to be served by reading the same to the party named as defendant. The return of the sheriff is *prima facie* service, subject to be overcome by proof of the facts. *Miller v. Powers,* 117 N. C., 218; *Strayhorn v. Blalock,* 92 N. C., 292. When the sheriff informed defendant that he had a summons for him, and defendant looked at it enough to see the name of the plaintiff, trustee, and said, "Well, I know all about that," and immediately departed from

the sheriff, it is clear that he elected to waive his right to have the summons read to him by the officer, as he had a right to do.    It was then defendant's duty to attend Court and see the nature of the allegations in the complaint, and defend, if necessary in his opinion.    The performance of that duty would have furnished all proper information, and this case on the matter now presented would not be here.    The failure to attend to that duty was negligence.    Such negligence frequently occurs by inattention by suitors in Court.    This negligence can not be held a sufficient ground for setting aside a regular judgment, entered up in consequence of inattention on the part of defendant to an important duty.    The Courts must proceed with business in a reasonable way, or forfeit their usefulness to the public.    The fact that defendant supposed and believed that the action was against him as administrator and not individually, is not such excusable neglect as entitles him to relief.    He would have known otherwise by simply discharging his own duty.    *White v. Snow,* 71 N. C., 232.

What constitutes service of process and whether upon a given state of facts service has been duly made, is a question for the Court.

We hold upon the case before us that the Court's conclusion was a misapprehension of the law.

Reversed.