B. F. POWELL v. WILLIE S. DAIL ET AL.

(Filed 18 October, 1916.)

**1. Actions—Parties—Principal and Agent—Fraud—Judgment—Estoppel.**

Where the seller and his agent in the sale of lands are sued by the purchaser upon the ground of fraud in the negotiations for the purchase, in representing the title to be good and preventing the plaintiff from investigating before buying, and it appears that the deed to the seller had been set aside in an action wherein it was determined that his grantor was without sufficient mental capacity to make it, but the agent was not made a party to that action, it is *Held*, that the agent is not affected by the former judgment and may defend, in the present action, as to the mental capacity, and that his principal was an innocent purchaser for value, etc.

**2. Same—Defenses—Deeds and Conveyances—Innocent Purchaser.**

Where the purchaser of lands sues the seller and his agent for fraud in procuring the sale, for that the seller's deed was void for want of mental capacity of his grantor, but the plaintiff claims to be an innocent purchaser for value, without notice, if his contention in this respect is established no actionable wrong has been committed against him; and while he may be concluded by a former judgment declaring his deed void, this does not extend to his agent in making the sale, who was not a party to that action.

**3. Pleadings—Complaint—Lis Pendens—Statutes—Innocent Purchaser.**

A complaint in an action involving the title to lands has the effect of notice of the plaintiff's claim to the land as therein set forth, when the party to be affected therewith resides within the county, and summons has been issued in the cause; and where such party lives in a different county of the State, and claims as a bona fide purchaser, to affect him with notice of *lis pendens* the requirements of the statute must be strictly followed; among other things, that it be served within sixty days after its filing. Revisal, sec. 461.

**4. Same—Record Entries—Alias Summons—Presumptions—Rebuttals.**

In an action involving the title to lands there was entered on the summons docket, "Case continued. Time to file pleadings." Thereafter an alias summons was issued. *Held*, the issuance of the alias sum-

mons presupposes that the court had not obtained jurisdiction up to that time, and would rebut the presumption, had it arisen under the former entries, that the defendant, claiming to be an innocent purchaser of the lands, had constructive notice of the complaint filed in the action as *lis pendens*.

**5. Same—Appeal and Error—Trials—Questions for Jury.**

Entries in this case on the summons docket, that it had been continued, with time allowed both parties to plead, being rebutted by a subsequent order for an alias summons, and it being necessary to determine the date on which the defendant in that action, the plaintiff in this one, had been served with summons, upon the question as to whether the complaint would operate as a *lis pendens*, the cause is remanded to the Superior Court, that the fact be determined by a jury under the general or special issues, with the right of either party to offer evidence thereon.

CIVIL ACTION tried before *Bond, J.,* at March Term, 1916, of SAMPSON.

This is an action to recover damages upon the ground of fraud in the sale of a tract of land.

Minnie Sabra Vann was the owner of the land, and on 12 January, 1912, she conveyed the same to the defendant Dail for the recited consideration of $129, and on 13 December, 1912, the said Dail sold and conveyed said land to the plaintiff Powell for $200, the defendant Williamson acting as the agent of Dail in making the sale; and it is in this last sale to the plaintiff the fraud is alleged to have occurred in representing the title to the land to be good, and in preventing the plaintiff from investigating the title before buying.

On 6 September, 1912, the heirs of Minnie Sabra Vann, she being dead at that time, commenced an action in the Superior Court of Sampson County against the defendant Dail for the purpose of setting aside the deed executed to him on 12 January, 1912, upon the ground that the said Minnie Sabra Vann did not at that time have sufficient mental capacity to make a deed, and that there was nothing paid for the deed.

The complaint was filed on 6 September, 1912, describing the land and stating the purpose of the action.

The original summons is not in the papers, and there is no entry on the docket of service, or of an appearance by the defendant in person or by attorney. The summons issued to Wayne County, where the defendant Dail and his agent Williamson lived.

At October term of court, 1912 (October 26), the following entry appears on the summons docket: "Case continued. Time to file pleadings."

On 16 November, 1912, an alias summons was issued in said action which was served on the defendant Dail on 9 January, 1913.

The plaintiff in this action, Powell, bought the land on 13 December, 1912, for value and without notice, unless the filing of the complaint is a *lis pendens*.

He was afterwards made a party to the action of *Vann v. Dail,* which was tried, resulting in a finding by the jury that Minnie Sabra Vann did not have sufficient mind to make the deed to Dail and adjudging the deed from Dail to Powell to be void.

No issue was submitted to the jury as to whether Powell was a purchaser for value without notice.

The defendant in this action, Williamson, was not a party to the action of *Vann v. Dail.*

His Honor held, on these facts, that the entry at October term of court, "Case continued. Time to file pleadings," raised a presumption of an appearance or service, and as matter of law that the filing of the complaint was a *lis pendens.*

The defendants excepted. The plaintiffs offered evidence tending to establish his cause of action, and there was evidence to the contrary by the defendants.

There was a verdict and judgment in favor of the plaintiff, and the defendants appealed.

*Fowler & Crumpler, H. E. Faison, and I. C. Wright for plaintiff.*
*Butler & Herring and Langston, Allen & Taylor for defendants.*

ALLEN, J. The principal defendant, H. G. Williamson, was not a party to the former action of *Vann v. Dail;* he has never had title to the land in controversy in that action, nor does he claim under any one who has had title or who was a party to the action.

He is, therefore, not only not concluded by the verdict and judgment rendered, but they have no legal effect so far as he is concerned, and he has the right in this action to try anew all questions litigated therein.

He can contest the question of the mental capacity of the grantor in the deed to Dail, and he is not precluded from showing that the plaintiff Powell was a purchaser for value without notice, although Powell lost the land in the former action.

This is true because only parties and privies are bound by judgments, and to hold otherwise would be to condemn without a hearing and without notice, which is contrary to the law of the land, and a taking without due process of law.

It then becomes of the first importance to determine correctly in this action the status of Powell, because if he is a purchaser for value without notice, he has the title as between him and Williamson, and no fraud has been perpetrated on him, and he has suffered no actionable injury.

He says that he is a purchaser for value, and that he had no actual notice of any fraud in procuring the deed to Dail, and his action is based on this allegation; but he contends that without fault on his part

POWELL v. DAIL.

he is affected with legal notice of the pendency of the action of *Vann v. Dail,* and that this constitutes the defects in his title.

The question, therefore, determinative of this phase of the case is whether the former action was pending at the time he bought, on 12 December, 1912, and whether the filing of the complaint therein on 6 September, 1912, is a *lis pendens.*

When the action is brought in the county where the land is situate it is not necessary to file a formal *lis pendens,* the filing of the complaint, describing the property and stating the purpose of the action, being held sufficient; but there is "but one rule of *lis pendens* in North Carolina," and the filing of the complaint "puts in operation all of the provisions of the statute." *Collingwood v. Brown,* 106 N. C., 367.

It is also held that, "The rule *lis pendens,* while founded upon principles of public policy and absolutely necessary to give effect to the decrees of the courts, is nevertheless, in many instances, very harsh in its operation; and one who relies upon it to defeat a *bona fide* purchaser must understand that his case is *strictissimi juris."*

When we turn to the statute we find it is provided in section 461 of the Revisal that, "The notice of *lis pendens* shall be of no avail unless it shall be followed by the first publication of notice of the summons, or by an order therefor, or by the personal service on the defendant within sixty days after such filing."

There was no publication of the notice of the summons and no order therefor, because the defendant in the former action was a resident of the State, and the part of the statute that is material is, "The notice of *lis pendens* shall be of no avail unless it shall be followed by personal service on the defendant within sixty days after such filing."

The complaint, which is relied on as a *lis pendens,* was filed on 6 September, 1912, and the question is, Was the summons in the action served on the defendant within sixty days of that time, as, otherwise, in the language of the statute, the notice is of no avail.

His Honor held that the entry on the summons docket at October Term, 1912, "Case continued. Time to file pleadings," was conclusive of an appearance or service prior to that time, and decided as matter of law that the plaintiff bought with notice of the former action.

There is no entry on the docket of an appearance by the defendant in person or by attorney, and no evidence of a request made to the court or counsel for an extension of time to answer. The entry is "time to file pleadings" not "time to answer," and it is at least ambiguous, indicating the usual entries made by clerks when the action for any reason is not ready to be heard.

There was no evidence of service or appearance except the entry, and if this is evidence of the fact, or if it goes further and raises a pre-

sumption in favor of the plaintiff, it is rebutted by the action of the court in issuing an alias summons on 16 November, 1912, which was not served until 9 January, 1913.

An alias summons cannot issue except when the original has *not* been served (Revisal, sec. 437), and it presupposes that the court has not up to that time obtained jurisdiction of the defendant by appearance or service, as otherwise the court would be doing a vain and useless thing to issue the alias writ.

"The general presumption is that public officers perform their official duty and that their official acts are regular, and, where some preceding act or preëxisting fact is necessary to the validity of an official act, the presumption in favor of the validity of the official act is presumptive proof of such preceding act or preëxisting fact." 22 A. and E. Ency., 1267.

"It will be presumed that public officers have been duly elected, and that they have qualified; that their official acts are properly performed, and, in general, that everything in connection with the official act was legally done, whether prior to the act, as giving notice, serving process, or determining the existence of conditions prescribed as a prerequisite to legal action." 16 Cyc., 1078.

"It is a rule of very general application that where an act is done which can be done legally only after the performance of some prior act, proof of the latter carries with it the presumption of the due performance of the prior act." *Knox County v. Bank,* 147 U. S., 91.

These authorities were cited and approved in *Howell v. Hurley,* 170 N. C., 403.

If, therefore, his Honor's view is correct, that the entry at October term raises a presumption of service, and this is favorable to the plaintiff, the issuance of an alias on 16 November would raise a presumption of a want of service at that time, more than sixty days after the filing of the complaint, with the burden on the plaintiff; and the most he could ask would be that the time of service be found as a fact.

We are, therefore, of opinion there was error in holding as matter of law that the filing of the complaint operated as a *lis pendens,* and as the effect upon the right of action of the plaintiff depends on the time of the service of the summons, this fact, like other material facts, must on this record be submitted to the jury under separate issue, or under the general issues raised by the pleadings, with the right in each party to offer any available evidence tending to show service or the want of it.

Of course, this does not affect the principle that when the action is in the county where the land is located, and the summons has already

been served, that the doctrine of *lis pendens* is put in operation by the filing of the complaint.

There are other exceptions relied on by the defendants, but it is not necessary to consider them, as they are not likely to arise on another trial.

New trial.