HAZEL ATWOOD, ADMINISTRATRIX OF DEAN ATWOOD, DECEASED, v. JIMMIE ATWOOD.

(Filed 2 February, 1951.)

**1. Process § 2—**

When summons is not served within ten days after its issuance it becomes *functus officio*, and service and return by the sheriff thereafter is tantamount to a return of non-service. G.S. 1-89.

**2. Process § 4—**

Where the sheriff has served summons more than ten days after its issuance, his return is sufficient evidence of non-service to enable plaintiff to sue out an *alias* summons. G.S. 1-95.

**3. Process § 12—**

What constitutes service of process, and whether upon a given state of facts service has been made, are questions for the court.

**4. Same—**

While ordinarily the sheriff's return implies service as the law requires, this implication does not stand when the process itself discloses the contrary, as when the sheriff's return discloses that it was served more than ten days after its issuance.

APPEAL by defendant from *Crisp, Special Judge,* at May Term, 1950, of ALLEGHANY.

Civil action to recover for alleged wrongful death of her intestate on 14 July, 1948.

These facts appear of record on this appeal:

(1) A summons, dated 2 July, 1949, and in proper form, as prescribed by statute, G.S. 1-89, issued out of the Superior Court of Alleghany County, directed to, and commanding the sheriff of said county to summon Jimmie Atwood, the defendant, etc. It was returned bearing an endorsement signed by a deputy sheriff reading: "Received.... ................. 19 ..... , served 16 July, 19... ... by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: Jimmie Atwood."

(2) Thereafter on 5 August, 1949, defendant Jimmie Atwood, through his attorneys, entered a special appearance, and moved to dismiss the action for that the court has not in this action properly acquired jurisdiction over the person of defendant in that the original summons shows (1) on its face that it was issued on 2 July, 1949, and (2) by the return of the sheriff that it was not served until 16 July, 1949, more than ten days after the institution of the action.

(3) Thereafter, on 11 August, 1949, the acting sheriff, who was the deputy sheriff who signed the return on the summons as above stated, filed an affidavit in which he states that the summons for defendant was delivered to him on 2 July, 1949; that an attempt was made by him to serve it on 16 July, 1949, under a misapprehension of the law as to the time in which he could legally serve the summons; and that now, being informed that said attempted service has no legal effect and constitutes no service of the summons, he asks permission to amend the return of the summons to show that it was not served for the reason that he had permitted more than ten days to elapse before attempting to serve the same.

(4) And thereafter, on 15 August, 1949, Mrs. Hazel Atwood, by affidavit filed, petitioned the court that an order be entered authorizing and directing the issuance of an *alias* summons in the above entitled action for that the original summons was not served within ten days. Thereupon on 16 August, 1949, the clerk of Superior Court of Alleghany County entered an order that an *alias* summons be issued in the action, and it was done on the same day. The *alias* summons was returned bear-

ing endorsement of the sheriff that it was "Received August 16, 1949" and "Served August 18, 19........, etc."

(5) Thereafter, on 6 September, 1949, defendant, through his counsel, again entered special appearance and moved to dismiss this action for that the court has not in this action properly acquired jurisdiction over the person of defendant in that (1) the original summons shows (a) upon its face that it was issued by the clerk of Superior Court of Alleghany County on 2 July, 1949, and (b) by the return of the sheriff that service thereof was made on 16 July, and (2) the purported *alias* summons issued in this cause "states that the original summons was not served, when in fact the same is not in evidence upon the original summons."

When the motions so made came on for hearing the court entered order, finding, and reciting that the record discloses that the summons issued 2 July, 1949, and was delivered on that day to the sheriff of Alleghany, that the sheriff attempted to serve it on the defendant, as shown by his return thereon, on 16 July, 1949, and that an *alias* summons was issued on 16 August, 1949, dismissed defendant's motions,—holding that the attempted service of the original summons by the sheriff on 16 July was invalid, and, in fact, no service, and the *alias* summons issued 16 July "was within the ninety days from the original summons."

The court further granted defendant time within which to answer or demur to the complaint served on defendant at the time the *alias* summons was served.

To this order the defendant objects and excepts "to each and every part thereof" and appeals to Supreme Court, assigning as error "that the court below erred in its order overruling defendant's motions, and in signing same, as appears in the record."

*R. F. Crouse and Higgins & McMichael for plaintiff, appellee.*
*Trivette, Holshouser & Mitchell for defendant, appellant.*

WINBORNE, J. This is the basic question raised by defendant, the appellant, on this appeal, and on which decision here rests:

When a summons in a civil action, commenced in Superior Court, is not served upon defendant therein by the sheriff, to whom it is directed, within ten days after the date of its issue, but is later returned by the sheriff with an endorsement thereon that it was served upon defendant on a date more than ten days after the date of its issue, is such return sufficient evidence of non-service to enable plaintiff to sue out an *alias* summons under the provisions of G.S. 1-95? Applicable statutes pertaining to civil procedure in this State, as interpreted and applied in decisions of this Court, afford an affirmative answer. Hence, the challenge to the judgment from which this appeal is taken may not be sustained.

Under the civil procedure in this State: Civil actions shall be commenced by issuing a summons, G.S. 1-88. Such "summons must be served by the sheriff to whom it is addressed for service within ten (10) days after the date of its issue; and . . . if not served within ten (10) days after the date of its issue upon every defendant, must be returned by the officer holding the same for service, to the clerk of the court issuing the same, with notation thereon of its non-service and the reasons therefor as to every defendant not served." G.S. 1-89.

And "when the defendant in a civil action . . . is not served with summons within ten days, the plaintiff may sue out an *alias* or *pluries* summons, returnable in the same manner as original process . . . at any time within ninety (90) days after the date of issue of the next preceding summons in the chain of summonses."

The provisions of these statutes are summarized in *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215, in opinion by *Devin, J.,* in this manner: "It seems clear that the rule prescribed by these statutes is that in order to bring a defendant into court and hold him bound by its decree, in the absence of waiver or voluntary appearance, a summons must be issued by the clerk and served upon him by the officer within ten days after date of issue, and that if not served within that time the summons must be returned by the officer to the clerk with proper notation. Then, if the plaintiff wishes to keep his case alive, he must have an *alias* summons issued. In the event of failure of service within the time prescribed, the original summons loses its vitality. It becomes *functus officio.* There is no authority in the statute for the service of that summons on the defendant after the date therein fixed for its return, and if the plaintiff desires the original action continued, he must cause *alias* summons to be issued and served." It thus appears that an *alias* summons may issue only when the summons has not been served. It is so held in *Powell v. Dail,* 172 N.C. 261, 90 S.E. 194.

In the light of these statutes it is the contention of defendant, as we understand it, that the return of the sheriff, as endorsed on the summons here being considered, shows actual service of it upon defendant after the expiration of the ten days after the date of its issue, rather than non-service of it within the said ten days period, and that so long as this return stands, there is no basis on which plaintiff may sue out an *alias* summons under the provisions of G.S. 1-95. This position may not be sustained.

The authority of the sheriff to serve the summons is derived from the statute, G.S. 1-89, and this statute limits the exercise of this authority to the ten-days period after the date of the issue of the summons. And, as held in *Green v. Chrismon, supra,* upon failure of service within the time prescribed, the original summons lost its vitality. It had become *functus*

*officio.* Hence it appears from the return of the sheriff that what he did as to service of the summons was at a time when the life of the summons had expired, and when he had no authority to serve it. Thus, the return, in a legal sense, is tantamount to a return of non-service.

What constitutes service of process, and whether upon a given state of facts service has been made are questions for the court. *Williamson v. Cocke,* 124 N.C. 585, 32 S.E. 963.

Moreover, while ordinarily when a sheriff returns that he has served the summons, this implies that he has discharged his official duty in that respect. But where, as here, he specifies the date of service, and it appears that that date was more than ten days after the date of issue of the summons, the force of such implication is entirely destroyed. See *Strayhorn v. Blalock,* 92 N.C. 292; *Isley v. Boon,* 113 N.C. 249, 18 S.E. 174; and *Powell v. Dail, supra.*

In *Strayhorn v. Blalock, supra,* decided when the statute (The Code 214) required that summons should be served by reading same to defendant, the Court held that the term "served," as applied to summons, *ex vi termini,* implies that it was read to the defendant named in it. And again, "It is to be taken where he returns it "served" that it was served as the statute requires until the contrary is made to appear . . ."

But in *Isley v. Boon, supra,* after referring with approval to the principle so declared in *Strayhorn v. Blalock, supra,* the Court added: "Of course where the officer undertakes to set forth the manner of service, and it appears that he has not complied with the requirements of the law, the force of such implication is entirely destroyed."

In the light of these principles applied to the case in hand, the judgment below is

Affirmed.