Ruffin, C. J.
 

 The Court has not thought it worth while to consider, whether, if all the executions were in fact and properly levied at the some time, the sureties of the sheriff would be liable on his official bond for his falsehood in informing the relator, that his execution was entitled to priority by having been served first. For, we think, there
 
 *491
 
 are other clear grounds, on which the judgment should be affirmed,
 

 There is full evidence of the relator’s execution, of its delivery to the sheriff, and of the levy of it on sufficient-property to satisfy it, and of the sale of the property. That forms in itself a case for a recovery. The defence against it is, that the sheriff had other justice’s executions which he levied at the same time, and that the money raised is consequently divisible rateably among them all. If that were true in law, yet the defence must fail because it does not appear to be true in fact. There is no legal evidence that the other executions were levied together with the relator’s. All that was offered was a memorandum of the sheriff — made, we know not when — in a private book of his own. To the admissibility of it the plaintiff objected ; and the objection, we think, is good. A levy endorsed, on the execution has been received as
 
 prima facie
 
 evidence for the sheriff, upon the ground that such an entry was a cotemporaneous official act, being a part of his return.
 
 Loften
 
 v
 
 Huggins,
 
 2 Dev. 10. But this is not an act of that sort; and for the falsehood of it the officer would be in no wise responsible. It would lead to great abuses, if sheriffs were permitted at remote periods, to give evidence of this nature, which might be fabricated by them
 
 post litem.
 

 If, however, the levies were made at the same time, the judgment ought, as the case is, to be against the defendants. It is not positively stated when the executions of the other creditors came to the sheriff’s hands. But we are obliged to understand that it was after the relator had delivered his ; because the contrary was not suggested, and because the sheriff repeatedly declared that Boddie’s were the prior executions. The defence was placed solely on the fact of a simultaneous levy. Now, we hold it clearly to be the duty of the sheriff, as between executions issued by á justice of the peace, to serve that first which came first to his hands.— This is not within the rule of
 
 Green
 
 v
 
 Johson, 2
 
 Hawks 309 ; but, on the contrary, the reasoning of all the judges there shews it to be governed by an opposite principle. — ■
 
 *492
 
 That case proceeds on the ground, that
 
 & fieri facias
 
 binds from its
 
 teste,
 
 and, as the majority of the court thought, it thus binds as against another execution. It was therefore ^ held, that executions from a court of record of the same
 
 teste
 
 were equally entitled, and that one of prior
 
 teste
 
 was first entitled to satisfaction, without regard to the period of delivery to the sheriff or of the levy; provided they all came to hand before the sale. For that reason, that case was dis'.in-guished from
 
 Smallcomb
 
 v Buckingham, 1 L’d Ray. 251, and other English cases upon priorities among executions. But that has no applicatiou to a case in which the lien of the execution is not from the teste, but from the delivery to the sheriff, or the levy by him. Such is now the law with respect to executions issued by a justice of the peace; which, by the act of 1828, Rev. St. c, 45, s. 16, “ bind by and from the levy.” As to them the rule of
 
 Smallcombe
 
 v
 
 Buckingham,
 
 ought, obviously, to prevail; because the law serves the vigilant; and because the sheriff should first do his office for him who first applies, The only exception is; when the process of one creditor, in itself, creates a preference, as, for example, being of an older
 
 teste,
 
 when the lien depends on the
 
 teste.
 
 But when a creditor places his process in the hands of an officer, it is his duty promptly to execute it, so as to prevent other creditors from coming in before him who has asked his services •; and if he is prevented from doing so on the instant by other official duties, or omits it from any other cause, he ought, when he does levy, to preserve the priorities as if he had promptly done his duty. That is a rule of sound justice ; and it is the only one that can be laid down, without leaving creditors to the caprice or negligence of the officer. Our act, like fhe English statute of frauds, operates only between creditors and purchasers from the debtor. As between execution creditors, it leaves the duty of the sheriff to be regulated by the general principles of good morals and justice; which certainly re» quires that he who comes find shall be served first.
 

 Judgment affirmed. Per Curiam.