PeaksoN, C. J.
 

 There is error in the decretal order: The motion to dissolve the injunction ought to have been allowed.
 

 1. The bill is fatally defective in substance, and the injunction was improvidently granted. The only object of the plaintiff seems to be to have the defendant perpetually enjoined from issuing or enforcing execution on the judgment. What is to be done with the contract, in consideration of which, the note was executed ? Will a specific performance be hereafter asked for by the son of the plaintiff? Or will ho seek to have the contract rescinded, on the ground, that it was obtained by false representations ? These are matters about which the plaintiff supposes he has no concern ; and yet, it is entirely clear, that his equity, if he has any, is a mere incident to the equity of liis son, if
 
 he
 
 has any, and must be set up through or under him-. Consequently, the son ought to have been made a party, with proper allegations to set up his as the primary equity ; which would lay a foundation for an injunction as ancillary and in furtherance thereof. No precedent can be found for a bill like the present, where an injunction against an execution on a judgment, at law, is the only relief asked for, and the original transaction is left open as a subject for future litigation.
 

 In cases of injunctions to
 
 prevent
 
 torts, the plaintiff alleges a legal title, and asks the interference of this Court, on the ground of
 
 irreparable injv/i-y.
 
 So,' of course, a perpetual injunction is the only relief asked for. But in all other cases of injunction, the plaintiff alleges some primary equity, as an equitable estate, which entitles him to call for a legal title, or an equitable right, which he is seeking to enforce, and the injunction is prayed for in aid of the primary equity, so as to
 
 *95
 
 prevent loss or damage, or inconvenience, until Jie has an opportunity to establish it. This subject is explained in
 
 Patterson
 
 v. Miller, 4 Jones’ Eq. 451.
 

 2.
 
 If it is admitted that the judgment is irregular or void, that constitutes no equity. The plaintiff has a plain remedy at law to have the judgment set aside or vacated, and the execution called in, on motion, in the court where it was rendered;
 
 Zachary
 
 v.
 
 Curtis,
 
 6 Ired. Eq. 199, cited for the plaintiff, has no bearing on the question.
 

 3. The answer is a fair, full and direct response to every allegation of the bill on which the supposed equity of the plaintiff is put, and must, at this stage of the proceedings, be taken to be true. No equity is confessed, and no ground of exception can be taken to the answer.
 

 4. We can see no reason why judgment should not be given on the injunction bond. It is true, the only surety to it is the son of the plaintiff, who ought to have been a party to the bill, but the plaintiff cannot be heard to object to the bond on that account. Noristhe position tenable, that judgment cannot be rendered on the bond, because the injunction was improvidently granted, and the judgment at law, which is complained of is void, for the statute is express, and applies to all injunctions, commanding the stay of an execution, ch. 32, sec. 14 and 17, (Rev. Code) provides, “Where an injunction shall be dissolved, judgment shall be rendered on the bond given on obtaining the same, in the same manner as on appeal bonds.” This point is noticed because it was discussed in the argument.
 

 5. The original papers are sent to this Court instead of copies, and we find from the transcript, that it was done by
 
 consent, with leave to the master to tax full costs.
 
 The practice cannot-be allowed. The parties had no right to consent that the original papers should be taken out of the Court below, and sent up to this Court; for the papers were in the custody of the Court, and the parties had no control over them. Nor had the Court below power, even with the consent of parties, to send up the original papers on an appeal from an interloe*
 
 *96
 
 utory order, and thereby deprive itself of papers necessary to the original cause, which was still pending before it, and depend on this Court to send the papers bach, whereby it would be left without any record or evidence to show how the proceeding was constituted before it. So that one Court or the other, must be without a cáse. The papers cannot be withdrawn from the office of this Court unless the master of the Court below, files proper copies,
 
 nimo pro tune.
 

 We feel called on to add, if by the entry “with leave to the master to tax full costs,” it be intended that he should tax costs, as if copies had been made out and sent to this Court,, such a proceeding cannot be sanctioned.
 

 This opinion will be certified !©■ the Court below with instructions to proceed accordingly..
 

 Per Curiam, Decretal order reversed..