## W. W. MILLER v. K. F. POWERS, Sheriff.

*Process—Sheriff's Return—Recitals in Return Prima Facie True.*

The recitals in a sheriff's return of process are *prima facie* evidence of the truth of the statements therein.

PROCEEDING for amercement of the sheriff of PENDER county, heard before *Brown, J.*, at Spring Term, 1894, of PENDER Superior Court.

On the 6th of February, 1893, an execution was issued upon a judgment in favor of W. W. Miller against George Washington, and W. T. Bannerman, surety on his appeal bond, for the sum of fifty-six dollars and eighteen cents, docketed March 14, 1892, with interest from that date, and the sum of seventy-two dollars and five cents costs. Said execution was delivered to the sheriff's deputy, W. T. Bannerman, by the attorney for the plaintiff on February 6, 1893.

On March 15, 1893, being on the third day of March Term, 1·93, which convened on March 13, the sheriff returned said execution into this court with the following endorsement: "Returned March 15, 1893.    Served on defendant Washington, and two dollars received on the within execution.    No fees paid or tendered to lay off the defendant's homestead."    The court found that no fees were tendered or paid to set apart the homestead of either of the defendants.

The sheriff and his office deputy, W. T. Bannerman, testified that when the execution was filed in the sheriff's office by the plaintiff's attorney, the lawful fees, required by law to be prepaid, were demanded and that the plaintiff's attorney paid only fifty cents, and that, accordingly, the execution was served upon the defendant George Washington, who paid two dollars.    That plaintiff refused to pay the fees to set apart the homestead of the defendants, and the sheriff proceeded no further but made the return of the execution aforesaid.

The plaintiff offered evidence tending to prove that the plaintiff paid to the sheriff's deputy one dollar and fifty cents at the time the execution was filed in the sheriff's office and that nothing more was done.

The evidence is very conflicting.    The court being of the opinion that the burden of proof is upon the plaintiff to show to the court by a preponderance of evidence that he tendered the fees required by law to the sheriff or his deputy when he filed said execution, adjudged that the plaintiff did not tender to the sheriff or his deputy the fees required by law for serving the said execution upon the defendants, and further, that the plaintiff did not tender the fees setting apart the homestead and personal property exemptions, and thereupon discharged the rule against the defendant and taxed the plaintiff with the costs

·of the proceeding. From this judgment the plaintiff appealed.

Mr. H. L. Stevens, for plaintiff (appellant).
No counsel, *contra.*

AVERY, J.: The only question raised by the appeal and discussed on the argument of case here was whether the Judge erred in holding that the burden of proof was upon the plaintiff, when he undertook to contradict the sheriff's return that no fees were "paid or tendered to lay off the defendant's homestead." In *Hunter* v. *Kirk*, 4 Hawks, 277, Judge HALL said that as the sheriff is "a sworn officer, his return cannot be contradicted by" a single affidavit. That case was cited with approval as to this point in *Mason* v. *Miles*, 63 N. C., 564. If the same amount of artificial weight is not still to be given to such returns, they are at least competent as official acts, and when admitted, constitute *prima facie* evidence of the truth of what the sheriff stated in compliance with the requirements of law. *Simpson* v. *Hiatt*, 13 Ired., 470; *Loftin* v. *Huggins*, 2 Dev., 10. "A levy endorsed on the execution" said RUFFIN, C. J., in *State* v. *Vick*, 3 Ired., 491, "has been received as *prima facie* evidence for the sheriff upon the ground that such an entry was a cotemporaneous act, being a part of his return." If the return was *prima facie* or presumptively true, nothing further appearing, or until rebutted by contradictory evidence, it was the duty of the court to act on the assumption that it was a correct report of the sheriff's official acts in reference to the process. Upon the authorities cited we think there was no error in the ruling complained of and the judgment of the court below must be affirmed.

Affirmed.