LAKE DRAINAGE COMMISSIONERS v. S. H. SPENCER ET ALS.

(Filed 12 September, 1917.)

1. **Process—Summons—Sheriff's Returns—Presumptions — False Returns— Evidence—Statutes.**

    The sheriff's return showing service of summons on defendant in an action, in this case proceedings to establish a drainage district, is taken as *prima facie* correct, and may not be successfully attacked by motion in the cause, except by clear and unequivocal evidence, requiring the testimony of more than one person to overturn the official return of the officer. Revisal, sec. 1529.

2. **Process—Summons—False Returns—Penalty—Damages—Actions.**

    For making an incorrect or false return of service of summons, the sheriff is liable to an action by the injured party for the penalty of $500 and for damages.

3. **Process—Summons—Sheriff's Returns — False Returns — Declarations— Evidence.**

    Declarations of a party defendant that a summons in an action had not been served on him, contrary to the sheriff's returns, is incompetent as hearsay evidence and insufficient to overturn the endorsement of service made by the sheriff, and especially is such evidence incompetent when it is in the negative form.

APPEAL by plaintiffs from *Daniels, J.,* at May Term, 1917, of HYDE.

*Thomas S. Long, H. C. Carter, Jr., and Small, MacLean, Bragaw & Rodman for defendants.*
*Spencer & Spencer and Ward & Grimes for plaintiffs.*

CLARK, C. J. The plaintiffs' drainage district was duly established by proceedings regular on their face. It appeared from the return of the sheriff upon the summons in said cause that it had been duly served upon Mrs. S. H. Spencer, the mother of the defendants. The defendants, however, contended that, notwithstanding the return of the sheriff, said summons had not in fact been served upon her.

On the trial of this cause the sheriff testified, in corroboration of his return to the writ, that he did in fact duly serve the summons on Mrs. Spencer. Her children, who were defendants, were allowed to testify that they never heard their mother say anything to anybody about the summons having been served upon her. This was error in any aspect. In the first place, if the witnesses had testified affirmatively that Mrs. Spencer had said that the summons had not been served upon her, it would have been incompetent as hearsay. It is all the more incompetent in this negative form, that they had heard her say nothing about it, which proves nothing; and if it proved anything, would tend to show that she had been served.

Even if the ancestor of the defendants had been alive, her testimony alone would not have been sufficient to rebut the presumption arising from the return of the sheriff that he⸱ had duly served the summons upon her. *Burlingham v. Canady,* 156 N. C., 179. Revisal, 1529, provides that the return of the sheriff, that the summons has been executed, "shall be deemed sufficient evidence of the service thereof." The presumption is that the officer's return states the truth. *Strayhorn v. Blalock,* 92 N. C.; 292; *Isley v. Boon,* 113 N. C., 249; *Miller v. Powers,* 117 N. C., 218; *Chadbourn v. Johnston,* 119 N. C., 282. It is *prima facie* correct. *Williamson v. Cocke,* 124 N. C., 585.

Revisal, 2817, provides that the sheriff is liable for a penalty of $100 for failure to serve process when delivered to him in the prescribed time before the return day, and to a penalty of $500 and an action for damages if he make a false return of process. The recitals in the sheriff's return are *prima facie* true (*Simpson v. Hiatt,* 35 N. C., 470), and cannot be collaterally impeached. *Edwards v. Tipton,* 77 N. C., 222.

In *Hunter v. Kirk,* 11 N. C., 277, it is said that the sheriff is "A sworn officer, and his return cannot be contradicted by a single affidavit." This was cited with approval in *Mason v. Miles,* 63 N. C., 564. To same effect, *S. v. Vick,* 25 N. C., 491. Both these cases were cited as authority in *Miller v. Powers,* 117 N. C., 220, and *Burlingham v. Canady,* 156 N. C., 179.

At common law, the rule was, as it is still in many of our States, that, as between parties and privies, the return of an officer is conclusive as to service of process, and can be controverted only in an action against the officer for a false return, unless there is contradiction by other matter in the record itself, or unless it is shown that the false return was procured by the plaintiff in the action, or resulted from the mistake of the officer. 32 Cyc., 514, 515.

In *Tillman v. Davis,* 28 Ga., 497; 73 Am. Dec., 786, *Lumpkin, J.,* said: "I have investigated carefully in Brooke & Viner's Abridgements, and traced the question to its fountain-head, and find it well settled that by the common law no averments will lie against the sheriff's return." This is held in many of our States, as set out in the notes to 32 Cyc., 514, 515.

In other States a more liberal rule permits the return to be impeached by affidavit or otherwise in a direct proceeding brought for that purpose, such as an action to set aside the return, or to vacate a judgment by default based thereon, but the proof necessary to overthrow the return *must be clear and unequivocal."* 32 Cyc., 516, 517, and the notes thereto.

While this is one of the States in which the return on the process is not conclusive, even between the parties and privies to the action, still, under Revisal, 1529, and the authorities above cited, such return is

*prima facie* correct, and cannot be set aside unless the evidence is "clear and unequivocal." 32 Cyc., 517. It would work the greatest mischief if after a judgment is taken it could be set aside upon the slippery memory of the defendant, perhaps years thereafter, that he had not been served. This would shake too many titles that rest upon the integrity of judgments and the faith of purchasers and others relying thereon. The return of the sheriff is by a disinterested person acting on oath in his official capacity and made at the time.

The defendant in such case has his remedy by an action against the officer for the penalty of $500 for false return, and also by an action for damages. The defendant, who contends that he has not been duly served, may also proceed by a motion in the cause. *Banks v. Lane,* 170 N. C., 14; *S. c.,* 171 N. C., 505. But his evidence must be more than testimony by one person, which would not be sufficient to overturn the official return of the sheriff, which has a *prima facie* presumption of correctness properly attached thereto.

In no case, as we have already said, would hearsay testimony of the declaration of a defendant, that he had not been served, be competent, and still less competent would be testimony that the defendant had not been heard to make any statement in regard to the matter, with a view of raising a presumption therefrom that said defendant had not been served. The fact that the defendant had made no statement in regard to the matter, if evidence at all, would tend to prove that she had been served, as returned by the sheriff. In this case the sheriff went upon the stand and testified that his return was correct.

There was no sufficient evidence to go to the jury that the summons had in fact not been served. The burden was upon the defendants who allege this, and the court should have charged, as prayed by plaintiffs, that they should answer the first issue (as to whether the summons was served upon the defendants' mother) "Yes."

Error.