I. F. CAVINESS v. W. H. HUNT, RECEIVER OF THE INTERNATIONAL FURNITURE COMPANY.

(Filed 17 November, 1920.)

**Judgments—Motions to Set Aside Judgments—Independent Action—Process—Summons—Service—Equity—Cloud on Title to Lands.**

The remedy to set aside a judgment for lack of service on the defendant, which is regular on its face and rendered on process showing service, is by motion in the cause and not by an independent action, whether the action is called one to remove a cloud upon the title to land or to invoke the equity jurisdiction of the court to prevent an injustice.

APPEAL by defendant from *Ray, J.,* at September Term, 1920, of GUILFORD.

This is an action brought in the Superior Court of Guilford County to set aside a judgment rendered in Granville County in favor of the defendant in this action against the plaintiff herein as indorser on a note, on the ground that the summons in the action was not served on the defendant, although the return of the sheriff shows service.

The plaintiff also alleges that the judgment has been docketed in Guilford County, and is a cloud on his title to a tract of land, and facts which would constitute a meritorious defense to the original action.

The defendant demurred to the complaint upon the ground that it does not state a cause of action, contending that the remedy of the plaintiff is by motion to set aside the judgment.

The demurrer was overruled, and the defendant excepted and appealed.

*Brooks, Hines & Kelly for plaintiff.*
*B. S. Royster, C. R. Wharton, and E. P. Hobgood, Jr., for defendant.*

ALLEN, J. It makes little difference whether this action is called one to remove a cloud from title or to invoke the aid of a court of equity to prevent an injustice, its purpose is to set aside a judgment, regular

on its face, and rendered on process showing service, and under such conditions the law furnishes a complete and adequate remedy by motion in the original action.

The authorities in support of this principle are numerous, and it is correctly stated in *Stocks v. Stocks,* 179 N. C., 288, as follows: "Where it appears that summons has been served, when in fact it has not been, the remedy is by motion in the cause to set aside the judgment, and not by an independent civil action, but when it appears on the record that it has not been served, the judgment is open to collateral attack. *Doyle v. Brown,* 72 N. C., 393; *Whitehurst v. Transportation Co.,* 109 N. C., 342; *Carter v. Rountree, ibid.,* 29; *Rutherford v. Ray,* 147 N. C., 253; *Rackley v. Roberts,* 147 N. C., 201; *Bailey v. Hopkins,* 152 N. C., 748; *Hargrove v. Wilson,* 148 N. C., 439; *Glisson v. Glisson,* 153 N. C., 185; *Barefoot v. Musselwhite, ibid.,* 208."

*Mason v. Miles,* 63 N. C., 564, is very much in point. In that case a new action was brought to set aside a judgment for failure to serve the summons, and after holding that the remedy was by motion in the cause, and that the return of the sheriff could not be set aside on a single affidavit, the Court says: "As the courts are now always open, the remedy of the plaintiff, as above indicated, is speedy and complete. Mason has chosen to seek his remedy by another action, which is in the nature of an equitable proceeding; and it is a well settled principle of equity that where a person can have adequate relief by an order in a cause pending in the same court, he shall not be allowed to seek his remedy by a separate suit. *Rogers v. Holt,* 62 N. C., 108. This rule of equity must be enforced in our present system of civil procedure."

And as said by *Pearson, C. J.,* in *Emmons v. McKesson,* 58 N. C., 95: "If it is admitted that the judgment is irregular or void that constitutes no equity. The plaintiff has a plain remedy at law to have the judgment set aside or vacated, and the execution called in, on motion, in the court where it was rendered."

Nor does the difficulty of making proof of the want of service, growing out of the principle that the return of a sheriff cannot be set aside upon a single affidavit, confer jurisdiction on a court of equity as the rule is not confined to courts of law, but is general in its application.

At common law the return was conclusive as between the parties, and it has been held in Georgia that "no averments will lie against the sheriff's return."

"In other States a more liberal rule permits the return to be impeached by affidavit or otherwise in a direct proceeding brought for that purpose, such as an action to set aside the return, or to vacate a judgment by default based thereon, but the proof necessary to overthrow the return *must be clear and unequivocal.* 32 Cyc., 516, 517, and the notes thereto.

"While this is one of the States in which the return on the process is not conclusive, even between the parties and privies to the action, still, under Rev., 1529, and the authorities above cited, such return is *prima facie* correct and cannot be set aside unless the evidence is 'clear and unequivocal.' 32 Cyc., 517. It would work the greatest mischief if after a judgment is taken it could be set aside upon the slippery memory of the defendant, perhaps years thereafter, that he had not been served. This would shake too many titles that rest upon the integrity of judgments, and the faith of purchasers, and others relying thereon. The return of the sheriff is by a disinterested person acting on oath in his official capacity and made at the time.

"The defendant in such case has his remedy by an action against the officer for the penalty of $500 for false return, and also by an action for damages. The defendant, who contends that he has not been duly served, may also proceed by a motion in the cause. *Banks v. Lane,* 170 N. C., 14; *S. c.,* 171 N. C., 505. But his evidence must be more than testimony by one person, which would not be sufficient to overturn the official return of the sheriff, which has a *prima facie* presumption of correctness properly attached thereto." *Comrs. v. Spencer,* 174 N. C., 37.

This principle applies to investigations in courts of equity as well as law.

The order overruling the demurrer must therefore be set aside.

Reversed.