H. E. DAUGHERTY ET AL. v. COMMISSIONERS OF MOSELY CREEK DRAINAGE DISTRICT ET AL.

(Filed 15 March, 1922.)

**1. Appeal and Error—Evidence—Agreement of Parties—Findings of Fact.**

Where the parties to the action have agreed that the trial judge shall find the facts on conflicting evidence, such findings, being supported by evidence, are binding and conclusive on appeal.

**2. Drainage Districts—Assessments—Timber—Illegal Assessments.**

An assessment for benefits on timber growing upon lands in a drainage district, independent from and exclusive of the assessments made upon the lands, is illegal, it being required that the lands only be assessed in accordance with the benefits they receive.

**3. Same — Inequality of Assessment — Deficiency—Reassessment—Commissions.**

Where timber growing upon lands in a drainage. district have been leased, an assessment of the value thereof cannot legally be deducted from the amount of the assessments that have properly been made on the

lands, and the board of drainage commissioners, on proper notice, should correct such illegal deductions from the former assessment roll by reassessing these particular lands in accordance with their original classification.

**4. Same—Courts—Orders Preserving Papers—Notice.**

Where it appears that the circumstances of the proceeding require it, it is proper for the trial judge, in correcting an error in assessing leased timber separate from the lands, to order the board of drainage commissioners to prepare and file without delay a statement showing the receipts and expenditures of all funds coming into their hands belonging to the district, have the court papers, maps, etc., recorded, and call a meeting of the landowners of the district.

**5. Drainage Districts — Assessments — Deficiency — Motion in Cause—Actions.**

Where owners of certain lands in a drainage district are injured by a deficiency of the funds caused by an illegal deduction of assessment on the lands of other owners which the commissioners may lawfully correct, a petition in the original proceedings is proper to have the correct assessment made.

APPEAL from *Lyon, J.,* at November Term, 1921, of CRAVEN.

This was a petition filed by H. E. Daugherty and sixty other owners of lands classified and assessed in the Mosely Creek Drainage District, established in Craven County 1 May, 1911, who petitioned in behalf of themselves and all other owners of lands classified and assessed in said district other than the owners of the lands described in the final report of engineer and viewers in said proceedings entitled: "Land of Seth West estate, Tracy Swamp, containing 2,624 acres." The facts in regard thereto are set out in that petition filed January, 1920. In August, 1920, the petitioners asked the court to enjoin the sheriff of Craven from collecting the increased, changed, or new illegal assessment roll in his hands, or from advertising or selling their lands for the purpose of collecting the invalid assessments until their petition could be heard and determined by the court. The temporary restraining order was issued 26 August by Guion, J., and on 8 September, 1920, by consent, the order was continued to the final hearing by Bond, J.

At November Term, 1921, the matter was heard by Lyon, J., trial by jury having been waived by consent of all parties. At the conclusion of the evidence it was agreed that his Honor should try the issues of fact and give his decision in writing.

The petitioners complain of the assessments designated as "new," and they allege and have offered evidence that the "new" or increased assessment was made to recuperate the loss accruing to the district from the erroneous and illegal attempt to revise the original assessment made against the lands of the Seth West estate. The original report says: "It appeared to us that as the timber lands in the swamps of the Seth

West estate will receive benefits from the drainage of said swamps, we hereby make the following classification, based upon the benefit to said timber lands, this classification to be deducted from the classification as to the permanent benefits to the said West estate given above." Examination of the assessment roll shows that all the lands were assessed per acre approximately. The official report shows that the total assessment against the Seth West land amounted to $19,731.21, and that the engineer and viewers, after classifying and assessing the timber separate from the lands, deducted $7,107.02 from the assessment of $19,731.21 against the entire land, and left the balance of $12,624.19 as assessment against the land, exclusive of the assessment against the timber growing thereon. In 1904, when the sheriff attempted to collect the assessment against the timber, the Dover Lumber Company, purchaser of said timber, instituted an action to restrain such collection, and this Court decided that growing timber is not assessable separable from the land upon which it is growing, and the timber lease was not assessable for drainage purposes. *Lumber Co. v. Comrs.,* 173 N. C., 117. This decision prevented the collection of any part of the $7,107.02, which had been assessed against said timber, and the failure to collect said assessment caused a deficit in the funds of said district which began on the first Monday in September, 1914, and has steadily grown, increasing each year by approximately the sum of $710, and interest on all unpaid assessments, and aggregating at 6 per cent interest more than $6,500. Whereas, in truth and in fact, it is much more, because the money borrowed to make up the deficit cost more than 6 per cent interest.

The petitioners contend that the assessment against the timber having been deducted from the assessment of the Seth West estate lands and such deductions having been declared illegal, it is right and proper to restore the amount erroneously deducted from the land on which the timber is growing, and on which the assessment was originally made.

The decision rendered 14 March, 1917, in *Lumber Co. v. Comrs., supra,* held that a timber lease, which had been made of the growing timber on said Seth West estate by a lease of J. W. Stewart, was not assessable for drainage purposes, and the Court held that the attempt to divide the assessment against the Seth West lands between the owner of the land and of the timber growing thereon was illegal and the $7,107.02 having been erroneous deducted from the assessment of the Seth West estate lands and assessed against the timber thereon having never been paid, the nonpayment of said sums caused a deficit in the funds amounting to $10,000, which having been further augmented by the nonpayment of the annual payment, the board of commissioners of said district instructed the secretary of the board to calculate the deficiency and prorate the amount of deficiency among all the lands in the

district according to its classification with its pro rata share of such deficiency, and to amend the assessment roll by increasing the original assessment roll of 17 April, 1911, against each tract or parcel of land so that each of said tracts and parcels of land should pay its pro rata share of such deficiency. Pursuant to such instructions, the original assessment roll was changed, and each tract was assessed with its pro rata part of such deficiency with the result that the petitioners claim that they have been assessed several thousand dollars more than they were originally liable for.

The restraining order in this case was issued restraining the sheriff from collecting such increased charges, and the court held that the deduction of $7,107.02 from the original assessment against the lands of the Seth West estate because of the timber thereon having been leased, was erroneous and illegal, and the amount so assessed should be changed and assessed now against lands of the Seth West estate. From this judgment the defendants appealed.

*D. L. Ward and R. A. Nunn for plaintiffs.*
*Moore & Dunn for defendants.*

CLARK, C. J. The findings of fact by the court, there being evidence on both sides, is binding and conclusive on appeal. *Shoaf v. Frost,* 127 N. C., 307. The assessment against the land was erroneously divided, and when the court restrained the collection of that part of the assessment against the timber it was equivalent to omitting the assessment on that part thereof and the deficiency should now be reassessed on proper notice to the owner of the "Seth West" lands. The defendants contend on one hand that the petitioners cannot bring this matter up in the original procedure by motion, but only by summons and on petition filed attacking the assessment, but in *Banks v. Lane,* 171 N. C., 505, this Court held as to this same drainage district that such motion should be made in the cause where the facts in regard to the proceedings have record.

That part of the judgment which requires the commissioners to prepare and file without delay a statement showing the receipts and expenditures of all funds coming into their hands belonging to said district, and have the court papers, maps, etc., recorded, and that a meeting of the landowners be held was eminently appropriate, and it seems that the defendants themselves have joined in asking that this be done.

It appears that this proceeding since the creation of the drainage district has been going on about 12 years. Thousands of acres of land and about 100 people owning the lands thereon are involved, maps and profiles have been made, judgment, orders and decrees have been signed

PROCTOR v. FERTILIZER WORKS.

in numerous cases. Thousands of dollars have been collected and expended, bonds for a large sum are outstanding, a vacancy in the board of commissioners caused by death has existed for many years, some assessments, one of them against the railroad company, have not been collected, nor any serious attempt made to collect them; yet no meeting nor election has been held for more than 10 years, no account has ever been filed or audited, no paper, map, or other thing has ever been recorded, and the original papers have been shunted around from lawyer's office to lawyer's office in Craven and Lenoir counties. By much handling and cramming into overcrowded envelopes they have become dog-eared, worn, and mutilated, and are likely to be lost or destroyed. The court properly took steps to enforce the law as set out in the Consolidated Statutes relative to drainage districts with a view of protecting the people who, with faith in the law, undertook this expensive and costly work of draining thousands of acres of swamp and overflowed land making it valuable and productive and improving the whole territory for residential and agricultural purposes.

His Honor properly adjudged that the additions to the original assessment roll to make up out of other tracts of land the deficiency caused by omitting from the assessment of the Seth West tract the value of the growing timber, $7,107.02, leased to Stewart, was illegal, and should be set aside, and the collection thereof restrained, and that the whole of such deficiency should be assessed as in the original roll against the Seth West estate.

Affirmed.