THE RALEIGH BANKING & TRUST CO. v. VIRGINIA N. NOWELL, W. B. STARKE AND H. H. NOWELL.

(Filed 11 April, 1928.)

1. **Judgment—Setting Aside for Void Service of Summons—Degree of Proof.**

   Where the summons in an action has been duly served on a party defendant by a proper process officer, it imports verity, and will not be set aside and a judgment vacated in the absence of clear and unequivocal proof that the summons had not in fact been served, and such proof must be more than the one affidavit by the defendant. C. S., 921.

2. **Judgment—On Trial of Issues—Rendition, Form, and Requisites—Time of Rendition and Signing.**

   Where the judge, by consent, has heard a motion in a civil action, to set aside a judgment for want of service on the defendant, on supporting evidence sufficient in law, his action in so doing will not be disturbed on appeal when it is made to appear that he had awarded his decision at the time of hearing the motion and signed the judgment in conformity therewith a few days later, at a criminal term of court.

APPEAL by plaintiff from *Stack, J.,* at September Term, 1927, of WAKE. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard before his Honor, A. M. Stack, judge holding courts of the Seventh Judicial District, on the motion of the defendant, H. H. Nowell, to set aside as to him the judgment rendered in this cause on 6 October, 1926, and being heard on 8 October, 1927, the court finds as a fact:

"1. That notice of motion of defendant, H. H. Nowell, to set aside said judgment was duly served on the plaintiff, and the said motion was duly filed in the office of the clerk of the Superior Court of Wake County on 24 September, 1927.

"2. That from the oral testimony of P. P. Sanders, the deputy sheriff by whom summons was alleged to have been served upon the defendant, H. H. Nowell, and from the oral testimony of the defendant, H. H. Nowell, and from the affidavits filed herein by the plaintiff and said defendant that summons has not, at any time, been served upon said defendant, H. H. Nowell.

"3. The court further finds that the return on the summons alleged to have been served upon the defendant, H. H. Nowell, is not in the handwriting of the said P. P. Sanders, deputy sheriff.

"4. The court further finds as a fact that the defendant, H. H. Nowell, has a meritorious defense to the plaintiff's alleged cause of action.

"It is therefore ordered and adjudged that the judgment rendered in this cause on 6 (8) October, 1926, and which appears in Judgment Docket No. 28, at page 240, be and it is hereby set aside as to defendant, H. H. Nowell.

"It is further ordered and adjudged that the defendant, H. H. Nowell, have until 1 November, 1927, in which to answer amended complaint filed herein or demur thereto."

*Jones & Jones and J. W. Bailey for plaintiff.*
*Douglass & Douglass for defendant.*

CLARKSON, J. C. S., 921, is as follows: "When a notice issues to the sheriff, his return thereon that the same has been executed is sufficient evidence of its service." See cases cited under this section.

In *Lake Drainage Comrs. v. Spencer,* 174 N. C., at page 37-8, it is said: "While this is one of the States in which the return on the process is not conclusive, even between the parties and privies to the action, still, under Revisal, 1529 (C. S., 921, *supra*) and the authorities above cited, such return is prima facie correct, and cannot be set aside unless

the evidence is 'clear and unequivocal.' 32 Cyc., 517. It would work the greatest mischief if after a judgment is taken it could be set aside upon the slippery memory of the defendant, perhaps years thereafter, that he had not been served. This would shake·too many titles that rest upon the integrity of judgments and the faith of purchasers and others relying thereon. The return of the sheriff is by a disinterested person acting on oath in his official capacity and made at the time." *Caviness v. Hunt,* 180 N. C., 385; *Long v. Rockingham,* 187 N. C., 199; *Fowler v. Fowler,* 190 N. C., 536.

The statement of the case on appeal shows "That said motion came on to be heard before his Honor, Judge A. M. Stack, on 8 October, 1927, by consent of plaintiff and defendants." . . . "His Honor, Judge A. M. Stack, thereupon stated in open court that he would find the fact that summons was not served, and that he would render judgment setting aside the judgment against H. H. Nowell hereinbefore entered in this action, to which the plaintiff, the Raleigh Banking & Trust Company, in open court gave notice of exception and appeal."

The record shows that the evidence was all heard by the court below on 8 October, and the judgment rendered on that day, but not actually signed until 12 October, the following week during a term of criminal court of Wake County, which was duly held by the same judge.

We can see nothing prejudicial in signing in writing the judgment of 12 October, rendered on 8 October, 1927. The exception and appeal was taken to the judgment as rendered on 8 October. The signing later was a mere matter of convenience, no rights affected. The judgment put in writing was the same as rendered.

From a careful inspection of the record, we think that the evidence is "clear and unequivocal," that the summons was not served according to law. It has been held in this jurisdiction that a return of a sheriff of the service of a writ cannot be contradicted by the defendant's affidavit that the writ was not served. The return is prima facie true and cannot be contradicted by a single affidavit. The service of process or other papers are very serious matters and should not be set aside lightly. They import verity. *Hunter v. Kirk,* 11 N. C., 277; *Mason v. Miles,* 63 N. C., 564; *Strayhorn v. Blaylock,* 92 N. C., 292; *Chadbourn v. Johnston,* 119 N. C., 282; *Comrs., v. Spencer, supra; Caviness v. Hunt, supra.* For the reasons given, the judgment is

Affirmed.