W. E. HOOKER AND GREENVILLE BANKING AND TRUST COMPANY, EXECUTORS OF MRS. GERTRUDE H. COWARD, v. C. S. FORBES AND CLARA J. FORBES.

(Filed 9 March, 1932.)

1. **Process B f—Return of sheriff is prima facie proof of service and contrary must be shown by clear and unequivocal proof.**

   A sheriff's return noted on a summons in a civil action that the summons had been properly served prima facie establishes such service, and the burden is on the party claiming that service had not in fact been made to prove want of service by clear and unequivocal evidence.

HOOKER v. FORBES.

**2. Appeal and Error J c—Finding that service of process has been made held conclusive in this case.**

Where the trial court upon conflicting evidence finds as a fact that the summons in the action was in fact served on the defendant, the finding is conclusive, and where upon such finding the defendant's motion to set aside a judgment rendered therein by default under the provisions of C. S., 600, on the ground that service had not been made will be upheld.

**3. Process C c—Defect in summons held formal and remedial by amendment.**

Under the provisions of C. S., 476 that process must be signed by the clerk of the Superior Court having jurisdiction of the action construed with the provisions of C. S., 547, the negligent failure of the clerk to sign his name to the summons in a civil action is a formal defect and one that would be waived by a general appearance, and it is within the authority of the trial judge to permit a correction by amendment *nunc pro tunc*.

APPEAL by defendant Clara J. Forbes from *Cranmer, J.,* at January Term, 1932, of PITT. Affirmed.

On 9 March, 1923, the defendants executed and delivered to Gertrude H. Coward their promissory note under seal for $2,000 payable 9 March, 1924, and on 19 August, 1931, the plaintiffs brought suit to recover the amount due thereon. On 21 September, 1931, no answer having been filed, the clerk of the Superior Court, in accordance with the regular practice and procedure, gave judgment against the defendants in the sum of $2,000 with interest from 9 March, 1929, and the costs of the action. On 18 December, 1931, the defendant Clara J. Forbes notified the plaintiffs that she would make a motion before the judge presiding in the Superior Court on 18 January, 1932, to set aside and vacate the judgment. Her affidavit set out as grounds of her motion the failure of the officer to serve her with process and the failure of the clerk to sign the summons before it was delivered to the officer.

From the evidence introduced the judge found the facts and set them out in the judgment. Clara J. Forbes averred that no summons had ever been served on her in the cause, while the plaintiffs relied upon the officer's return on the summons together with an affidavit of the deputy sheriff that he read the summons to her and left with her a copy of the summons and complaint. The court found that proper service of process had been made.

In reference to issuing the summons the finding is this: "A summons was duly issued out of the office of the clerk of the Superior Court in favor of the plaintiffs and against the defendants in the action on 19 August, 1931, and at the time of the issuance of said summons the plaintiffs duly filed a verified complaint, and at the time the said summons was filled out W. H. Woodard, vice-president of the Greenville Banking

and Trust Company, one of the executors, requested the clerk not to hand the summons to the sheriff until his co-executor could come in and verify the complaint and sign the bond, and on the same date thereafter W. E. Hooker, the other executor, came into the clerk's office, verified the complaint and signed the bond; and thereupon the clerk of the court carried said summons and a copy of said summons and a copy of said complaint for each defendant to the sheriff's office and delivered same to the sheriff or his deputy; and then and there the clerk himself directed the sheriff or his deputy to serve the same upon the defendants, paying to the sheriff his fees for said service; that by oversight the clerk failed to sign said original summons."

It was adjudged that the service of process upon the defendants was valid, that the clerk sign the summons *nunc pro tunc,* and that the motion to set aside the judgment be denied. Clara J. Forbes excepted and appealed.

*Harding & Lee for appellant.*
*Albion Dunn for appellee.*

ADAMS, J. The sheriff's return notes the service of process by reading the summons to the defendants and by delivering to each of them a copy both of the summons and of the complaint. As the return is prima facie correct it cannot be set aside unless the evidence in contradiction is clear and unequivocal. *Commissioners v. Spencer,* 174 N. C., 36; *Trust Co. v. Nowell,* 195 N. C., 449. The affidavit of the appellant discredits the return and that of the deputy sheriff supports it. The court found as a fact that the summons had been served as the statutes direct, and this finding is conclusive. *Chemical Co. v. Long,* 184 N. C., 398; *Daugherty v. Commissioners,* 183 N. C., 149. The principal exception relates to that part of the judgment which directs the clerk to affix his signature to the summons *nunc pro tunc.*

When the plaintiffs applied to the clerk for a summons against the defendants they filed a complaint verified by one of the parties. The prosecution bond on the back of the summons was signed on behalf of the Greenville Banking and Trust Company, an executor, but the clerk did not issue the summons until the other executor had signed the bond and verified the complaint. Under the justification of the bond are the jurat and the clerk's signature. After the bond had been justified and the complaint filed the clerk delivered the papers to the sheriff for service upon the defendants, not having signed his name to the summons.

This process must be signed by the clerk of the Superior Court having jurisdiction to try the action. C. S., 476. The question is whether the

omission of the clerk's signature may be supplied by amendment. It is provided that "the judge or court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, by correcting a mistake in the name of a party, or a mistake in any other respect. . . . When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it conformable thereto." C. S., 547. The purpose of the statute is "to facilitate the trial and disposition of causes upon their merits; and to this end when necessary the process and pleadings are liberally reformed by amendments which do not substantially change the claim or defense." *Cheatham v. Crews,* 81 N. C., 343.

In *Henderson v. Graham,* 84 N. C., 496, the summons was issued without the signature of the clerk in the blank space at the end of the instrument. After it had been served the defendants' attorney entered a special appearance and moved to dismiss the action, and the plaintiff's attorney asked leave to amend by allowing the clerk to affix his signature *nunc pro tunc.* The court declined to allow the amendment for want of power and granted the motion to dismiss.

On appeal to the Supreme Court *Chief Justice Smith,* after discussing the question whether the action must necessarily be dismissed or abated, announced the following principle which was stated in one of the cited authorities: Any defect or omission of a formal character which would be waived or remedied by a general appearance or an answer upon the merits, may be treated as a matter which can be remedied by amendment. The failure of the clerk to sign the summons was held to be a mistake of this description.

In the *Henderson case* the summons was issued by the clerk in Mecklenburg on 4 January, 1879, and was addressed to the sheriff of that county. The seal was affixed, but the seal imparted no legal efficacy to the summons; it merely indicated its official character. The statute requiring the summons to be signed by the clerk "under the seal of his court" (Battle's Revisal, 159, sec. 73), was repealed by the act of 1876-'7. Pub. Laws, ch. 85, sec. 4. If the seal was evidence of the official character of the summons why should not the same significance be given to the clerk's signature under the jurat on the back of the summons? A seal, especially when not necessary, is not the only way by which the official character of process may be shown. This fact is pointed out in *Redmond v. Mullenax,* 113 N. C., 505: "Though the paper purporting to be a summons may be informal in some respects, or even defective in failing to contain all that, according to the requirements of the

statute, should appear in it, its informality and defects may be cured by amendment if there is evidence upon its face that it has emanated from the proper office and was intended to bring the defendants into court to answer a complaint of the plaintiff." The clause, "Unless there is something upon the face of the paper which stamps upon it unmistakenly an official character, it is not a defective summons, but no summons at all," was evidently intended to accentuate the insufficiency of the blank summons taken from the clerk's office by an agent of the plaintiff and filled out in the office of the plaintiff's attorney—the fact being that the summons was never issued or served. It had previously been decided that a writ signed by an attorney under a verbal deputation of the clerk to all the members of the bar was a nullity. *Shepherd v. Lane,* 13 N. C., 148; *Gardner v. Lane,* 14 N. C., 53.

It has been held that process issued to another county without a seal is void (*Taylor v. Taylor,* 83 N. C., 116; *McArter v. Rhea,* 122 N. C., 614), but in *Calmes v. Lambert,* 153 N. C., 248, it was said that if these expressions are correct they are so only until the process is validated by amendment, and several of our decisions have sustained amendments of this character. *Clark v. Hellen,* 23 N. C., 421; *Vick v. Flournoy,* 147 N. C., 209. See, also, *Elramy v. Abeyounis,* 189 N. C., 278.

According to the foregoing principle the absence of the clerk's signature on the summons was a defect of a formal character which would have been waived by a general appearance and was therefore remediable by amendment. Judgment

Affirmed.