C. W. PENLEY AND WIFE, LAURA PENLEY, v. COLUMBUS M. RADER AND THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 1 November, 1935.)

**Process B h: Sheriffs D b—Presumption of service of summons from sheriff's return cannot be rebutted by uncorroborated testimony of person served.**

Plaintiffs instituted action against the sheriff and his bondsman for damages caused by alleged false return of summons by the sheriff. The sheriff's return was regular upon its face, but each plaintiff testified that service was not made on him, but did not testify as to whether service was made on the other plaintiff, and there was no evidence corroborating plaintiffs' testimony. *Held:* Defendants' motion for judgment as of nonsuit was properly granted.

APPEAL by plaintiffs from *Phillips, J.,* at the February Term, 1935, of CALDWELL. Affirmed.

*Russell & Russell for plaintiffs, appellants.*
*Mark Squires and W. H. Strickland for defendants, appellees.*

PER CURIAM. This action was instituted by the plaintiffs to recover of the defendants, the sheriff and his bondsman, the forfeiture of $500.00 provided in C. S., 3936, for the making of a false return by the sheriff, and for other damages accruing to them by reason of such false return. The plaintiffs allege that their real property, worth $3,500, was sold at a tax foreclosure sale for $260.00, and that they had no notice thereof, and had they had such notice they would have been able, ready, and willing to make the payment of the taxes due and thereby have prevented such tax sale, and the plaintiffs further allege that the return of the defendant sheriff, upon the summons, issued in the case wherein the sale of their land was ordered, to the effect that said summons had been served upon the defendants therein, C. W. Penley and his wife, Laura Penley, by delivering a copy of the summons and of the complaint to each of them, was a false return, for that no such service was ever made upon either C. W. Penley or his wife, Laura Penley, and that as a result of this false return their lands have been lost to them and that they have been damaged thereby in the sum of $3,500. The defendants deny that the return made upon the summons in the tax foreclosure action, wherein the plaintiffs in this case were defendants, was false, and allege that service in said case was made in accord with the return on the summons, namely, by delivering copies of the summons and of the complaint to each of the defendants (plaintiffs in this action).

The male plaintiff, C. W. Penley, testified that no copy of the summons and no copy of the complaint was delivered to him. The *feme* plaintiff, Laura Penley, testified that no such copies were delivered to her. Neither testified as to whether such copies were delivered to the other. The evidence shows that at the time the return was made the plaintiffs were living in different counties, Catawba and Caldwell, respectively. There was no corroborative testimony or other evidence as to there being no service of summons and complaint upon the defendants in the tax foreclosure action.

"When notice issues to the sheriff, his return thereon that the same has been executed is sufficient evidence of its service." C. S., 921. It has been uniformly held by this court that a return upon a summons or other process by the sheriff, regular in form, cannot be successfully contradicted by the uncorroborated testimony of the defendant, or party served. "The sheriff's return imports the truth. It is made under oath

and cannot be overthrown or shown to be false by the affidavit, merely, of the person upon whom the service is alleged to have been made." *Burlingham v. Canady,* 156 N. C., 177. While a person injured thereby may maintain an action for damages growing out of a false return made by a sheriff or other officer, there is a presumption that an officer's return states the truth, and to rebut this presumption the evidence in contradiction thereof must be more than the testimony of one witness. *Commissioners v. Spencer,* 174 N. C., 36.

In the absence of any testimony or other evidence to corroborate the plaintiffs' testimony that they were never served in the tax foreclosure action, we think his Honor properly granted the motion for judgment as of nonsuit at the close of the evidence.

It was admitted by the plaintiffs that the action in so far as it relates to the forfeiture of $500.00 mentioned in the statute was barred by the statute of limitations.

Affirmed.