C. M. HARRINGTON AND W. G. BROADFOOT, CO-PARTNERS, TRADING AND DOING BUSINESS AS HYMAN SUPPLY COMPANY, v. R. M. RICE AND WIFE, LORA E. RICE.

(Filed 20 March, 1957.)

**1. Judgments § 25—**

The proper procedure to attack a judgment as void for nonservice of summons in contradiction of regular return of summons of record is by motion in the cause.

**2. Judgments § 18—**

The officer's return showing service of process raises a legal presumption and is in itself sufficient predicate for a finding that service was made as shown by the return, and this presumption cannot be rebutted by a single contradictory affidavit or contradictory testimony of a single witness.

**3. Process § 5a—**

Delivery of copy of summons and the complaint to the male defendant with instructions to him to deliver it to the *feme* defendant is not valid service on the *feme.*

**4. Judgments § 27b—**

Clear and unequivocal testimony of a defendant that summons and complaint were not served on her and that she was not within the county at the time the process officer left a copy of the summons and complaint at her home, together with testimony of other witnesses and written evidence tending to show that at that time she was in another county for medical treatment, is sufficient to sustain the court's finding that notwithstanding the officer's return showing service, the defendant had not been personally

served, and judgment setting aside default judgment entered against her in the cause is affirmed.

**5. Same: Appearance § 1—**

Defendant's appearance in connection with her motion to set aside a default judgment on the ground of want of service does not validate the void judgment.

**6. Judgments § 27a—**

A meritorious defense is not essential or relevant on motion to set aside a default judgment for want of jurisdiction for lack of service.

APPEAL by plaintiffs from *Bundy, J.,* October Civil Term, 1956, of NEW HANOVER.

Motion in the cause by *feme* defendant to set aside a default judgment for want of service of process.

Summons was issued 21 December, 1949, for service by the Sheriff of New Hanover County. The deputy sheriff's return shows: "Executed Dec. 23, 1949, By leaving a copy of the within summons & complaint with R. M. Rice & wife Lora E. Rice."

On 11 September, 1951, the assistant clerk, based on the facts alleged in the verified complaint, entered judgment by default final against the defendants, jointly and severally, for $1,952.45 with interest and costs.

A writ of execution was issued 11 September, 1951. It was returned, bearing this notation: "Returned at request of plaintiff, this 13 day of Sept. 1951." No further reference to this writ of execution appears in the record.

In September, 1956, another writ of execution was issued. It appears that the sheriff was proceeding to allot the *feme* defendant's homestead and to sell her lands in accordance therewith. Thereupon, on or about 17 September, 1956, the *feme* defendant made her said motion in the cause. Pending hearing and decision thereon, the sheriff was restrained from proceeding further under said execution.

In her said motion, the *feme* defendant alleged that in fact service of the summons and complaint "was not made upon her by an officer of New Hanover County, or any other person," and that she had no knowledge of the action or of the judgment until 1956 when the recorded judgment was discovered by her son. In addition, she alleged facts which, if true, constituted a meritorious defense to plaintiffs' action. Plaintiffs, answering said motion, denied the *feme* defendant's said allegations and averred, *inter alia,* that personal service was made on 23 December, 1949, as shown by the deputy sheriff's said return.

At the hearing, evidence was offered by the respective parties, consisting of affidavits and records. At the conclusion thereof, Judge

Bundy made eleven separately numbered findings of fact, and entered judgment setting aside said default judgment of 11 September, 1951.

Plaintiffs excepted and appealed, assigning errors.

*Stevens, Burgwin & McGhee for plaintiffs, appellants.*
*J. H. Ferguson for defendant Lora E. Rice, appellee.*

BOBBITT, J.  If in fact the summons and complaint were not served on the *feme* defendant as prescribed by G.S. 1-94 and G.S. 1-121, the default judgment of 11 September, 1951, is void; and, since the return shows service, the appropriate procedure to set aside the judgment for nonservice was by motion in the cause.  *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311, and cases cited; *Caviness v. Hunt,* 180 N.C. 384, 104 S.E. 763; *Stocks v. Stocks,* 179 N.C. 285, 102 S.E. 306.

The motion and answer thereto raised questions of fact.  It was for the court to hear the evidence, find the facts and render judgment. *Monroe v. Niven, supra; Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567; *Dunn v. Wilson,* 210 N.C. 493, 187 S.E. 802; *Trust Co. v. Nowell,* 195 N.C. 449, 142 S.E. 584.

When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service.  The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based.  *Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Smathers v. Sprouse,* 144 N.C. 637, 57 S.E. 392.  Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, *the officer's return* is evidence upon which the court *may* base a finding that service was made as shown by the return.  *Downing v. White, supra; Long v. Rockingham,* 187 N.C. 199, 121 S.E. 461; G.S. 1-592.

Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not "be lightly set aside." *Burlingham v. Canady,* 156 N.C. 177, 72 S.E. 324; *Mason v. Miles,* 63 N.C. 564; *Hunter v. Kirk,* 11 N.C. 277.

Therefore, this Court has consistently held that an officer's return or a judgment based thereon may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) *and* is clear and unequivocal.  *Dunn v. Wilson, supra; Penley v. Rader,* 208 N.C. 702, 182 S.E. 337; *Hooker v. Forbes,* 202 N.C. 364, 162 S.E. 903; *Jordan v. McKenzie,* 199 N.C. 750, 155 S.E. 868; *Glass v. Moore,* 195 N.C. 871, 142 S.E. 585; *Trust Co. v. Nowell, supra; Commissioners v. Spencer,* 174 N.C. 36, 93 S.E. 435; *Caviness v. Hunt, supra.*

There are two assignments of error. Assignment of error #1 is as follows: "That the Court erred in the third, fifth, sixth, eighth, ninth and tenth findings of fact in the Judgment, for that the evidence to support said findings of fact was not clear and unequivocal." Each finding of fact so challenged relates to a different subject. This assignment does not comply with Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554; *S. v. Atkins*, 242 N.C. 294, 87 S.E. 2d 507; *Dobias v. White*, 240 N.C. 680, 83 S.E. 2d 785. See also, *Armstrong v. Howard*, 244 N.C. 598, 94 S.E. 2d 594.

Assignment of error #2 challenges the court's eleventh finding of fact, to wit, "that the defendant Lora E. Rice has shown by clear and unequivocal proof that she was not in the County of New Hanover on the 23rd day of December, 1949; that valid personal service was not had upon her nor an appearance made on her part; and that judgment taken against her on the 11th day of September, 1951, should be set aside and vacated."

The evidence offered by the *feme* defendant and the plaintiffs was contradictory. The credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts. Assignment of error #2 raises the crucial question of law presented for decision, that is, whether the evidence offered in behalf of the *feme* defendant, if accepted by the court authorized to find the facts, was sufficient to meet the said legal requirements.

Lora E. Rice, the *feme* defendant, states clearly and unequivocally that the summons and complaint were not served on her on 23 December, 1949, or at any other time; that between the late morning of 21 December, 1949, and the late afternoon of 24 December, 1949, she was not in New Hanover County; and that from 21 December, 1949, until the afternoon of 24 December, 1949, she was in the home of her brother-in-law, Dr. W. H. Braddy, in Burlington, North Carolina, who was treating her for a kidney ailment.

The affidavits of R. M. Rice, Jr., son of the *feme* defendant, and of Mattie Braddy, widow of Dr. W. H. Braddy, and the appointment book of Dr. Braddy, corroborate the *feme* defendant's statements that she was in the home of Dr. Braddy in Burlington, North Carolina, on said dates.

R. M. Rice, Sr., husband of Lora E. Rice and codefendant herein, states clearly and unequivocally that, while his wife was in Burlington, North Carolina, a deputy sheriff came to their home in New Hanover County; that the summons and complaint were served upon him; that the deputy sheriff left with him another copy of the summons and complaint with instructions to deliver this copy to his wife, Lora E. Rice, when she returned; and that (for reasons we need not consider in detail)

he did not deliver said copy of the summons and complaint to the *feme* defendant or inform her of the incident.

It is noted that the delivery of a copy of the summons and of the complaint to R. M. Rice, Sr., with instructions to deliver to the *feme* defendant, was not valid service. *Bank v. Wilson,* 80 N.C. 200; *Jordan v. McKenzie, supra.*

The evidence in behalf of the *feme* defendant consisted of substantially more than a single contradictory affidavit. Moreover, the evidence in behalf of the *feme* defendant is clear and unequivocal to the effect that the summons and complaint were not served on her. True, there was contradictory evidence, consisting principally of said return and of affidavits by the deputy sheriff that he personally served the summons and complaint on the *feme* defendant on 23 December, 1949, and thereupon noted such service on the return. The credibility and weight of the evidence were for the court below. His findings of fact based thereon will not be disturbed.

There is no evidence, nor do plaintiffs contend, that the court, at the time said default judgment was rendered, had obtained jurisdiction otherwise than by personal service on 23 December, 1949, as shown by said return. Her appearance in connection with said motion did not validate a judgment rendered when the court had no jurisdiction. *Monroe v. Niven, supra; Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283.

The *feme* defendant's motion was to set aside said default judgment, not to dismiss the action; and, in accordance therewith, the judgment of the court below was that "the default judgment entered against the defendant Lora E. Rice on the 11th day of September, 1951, be, and the same is hereby set aside and vacated." See *Harrell v. Welstead, supra.*

While the court below found that the *feme* defendant has a meritorious defense to plaintiffs' cause of action, this was not essential or relevant to the allowance of her motion. *Monroe v. Niven, supra.* Hence, we do not discuss the evidence bearing on this subject.

No question is raised as to the original jurisdiction of the judge to pass on the motion to set aside a judgment by default final entered by the clerk pursuant to G.S. 1-211. In this connection, see *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329; *Moody v. Howell,* 229 N.C. 198, 49 S.E. 2d 233; *Rich v. R. R.,* 244 N.C. 175, 179, 92 S.E. 2d 768.

Affirmed.