IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY ALICE WILLIAMS TAYLOR (DIVORCED) DATED NOVEMBER 12, 1975, RECORDED IN MORTGAGE BOOK 814, PAGE 892, DURHAM COUNTY REGISTRY, BY MARSHALL T. SPEARS, JR., TRUSTEE

No. 8214SC527

(Filed 6 September 1983)

**Mortgages and Deeds of Trust § 40— motion to dismiss motion to set aside foreclosure sale—properly granted**

There was evidence to support the trial court's decision to grant respondents' motion for dismissal of petitioner's motion to set aside a foreclosure sale on the ground that she had not been properly served with notice where the evidence tended to show that a deputy served the Notice of Hearing on petitioner at her home and the return of service indicated that petitioner was properly served. The fact that petitioner's evidence indicated otherwise did not preclude the court from entering a dismissal. G.S. 45-21.16(a), G.S. 1A-1, Rule 41(b).

APPEAL by movant from *McLelland, Judge.* Order entered 4 February 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 April 1983.

On 12 November 1975, the movant, Alice W. Taylor, executed a note in the amount of $3,744.00 secured by a deed of trust to Guaranty State Bank on real property owned by the movant. During 1977 the movant became delinquent in payments on the note in the amount of $208.00 and a foreclosure proceeding was commenced. At the hearing before the Clerk of Superior Court, it was determined that the trustee could proceed with a foreclosure sale. The movant was not present at this hearing. The property was sold for $2,740.00 on 15 December 1977.

On 3 April 1981, the movant filed a motion in the cause to set aside the sale. She alleged that she was not served with notice of the foreclosure hearing as required by G.S. 45-21.16(a). At the hearing on the motion, the Clerk of Superior Court found that the movant had not been properly served with notice, and entered an order setting aside the foreclosure and sale. Respondents appealed to Durham County Superior Court for a hearing *de novo.* At the end of the movant's evidence the respondents made a motion to dismiss pursuant to G.S. 1A-1, Rule 41(b). The court found as a fact that the movant had been served with the notice of the hearing in the foreclosure proceedings and denied Mrs. Taylor's motion to set aside the foreclosure and sale. The movant appealed.

*North Central Legal Assistance Program, by Alice A. Ratliff, for movant appellant.*

*Stubbs, Cole, Breedlove, Prentis and Poe, by G. Jona Poe, Jr., for respondent appellees.*

WEBB, Judge.

In her sole assignment of error the movant contends that, when viewed in the light most favorable to her, the evidence was sufficient to establish her right to relief. She argues it was error for the trial court to grant the respondents' motion for dismissal under Rule 41(b) of the North Carolina Rules of Civil Procedure. We disagree.

G.S. 1A-1, Rule 41(b) provides in pertinent part as follows:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

The movant in this case had the burden to prove that she was not served with proper notice in order to be entitled to relief. During the presentation of the movant's evidence, Deputy W. L. Lawrence of the Durham County Sheriff's Department testified that he served the Notice of Hearing on the movant at her home on 25 October 1977. The return of service indicates that the movant was properly served. Although the movant presented evidence indicating she was at work and not at home at the time notice was allegedly served, we believe the judge's finding of fact was supported by the evidence. In a nonjury case, the judge is the trier of facts. At the close of the movant's evidence, the judge may grant judgment against the movant on the basis of facts as he determines them to be. G.S. 1A-1, Rule 41(b). This is true even where the movant has made out a *prima facie* case which would withstand a motion for directed verdict for the respondent in a jury trial. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). Judge McLelland heard and weighed the evidence presented here by the movant. He found as a fact that the movant was "personally served with the required notice of hearing in these foreclosure proceedings by [the deputy] on October 25, 1977" and this finding has support in the record. There was, therefore, no error in the order denying the motion to set aside the foreclosure and sale.

The movant relies on *Harrington v. Rice*, 245 N.C. 640, 97 S.E. 2d 239 (1957) for her contention that her unequivocal testimony that she was not served with notice, coupled with supporting testimony from other witnesses, is sufficient to set aside the deputy's return of service. It is true that such evidence of nonservice may be enough to outweigh other evidence that proper service occurred, but *Harrington* does not require a reversal of

the order in the case at bar. In *Harrington* the trial judge weighed the evidence and found facts in favor of the defendant. In the present case, Judge McLelland considered the evidence and made findings of fact against the movant. In both cases "[t]he credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts." *Harrington, supra,* at 643, 97 S.E. 2d at 241. Even though the movant presented some evidence of nonservice in the instant case, "[a] motion to dismiss made pursuant to Rule 41(b) permits the trial judge to weigh the evidence, to find facts against the [movant], and to sustain [respondents'] motion" at the conclusion of the movant's evidence. *Neasham v. Day,* 34 N.C. App. 53, 55, 237 S.E. 2d 287, 288 (1977). The trial judge here did precisely this, and we find no error.

Affirmed.

Judges WHICHARD and BRASWELL concur.